RECEIPT # _53425_
AMOUNT $ _152.00_
SUMMONS ISS. _yes_
LOCAL RULE 4.1 _____
WAIVER OF SERV. _____
MCF ISSUED _____
_129 OR 121 _____
DEPUTY CLK. _____
DATE _1-28-04_

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CLERKS OFFICE

2004 JAN 28  P 12: 11

U.S. DISTRICT COURT
DISTRICT OF MASS.

John A. Baldi,
           Petitioner

v.

Supreme Judicial Court For Suffolk County
(Maura S. Doyle, Clerk) and
Massachusetts Board of Bar Examiners
(Edward J. Barshak, Chairman).

           Respondents

Civil Number: _____

**PETITION FOR DECLARATORY JUDGMENT**

**DEMAND FOR 3 JUDGE PANEL**

04 - 10198 JLT

*referred to Cm J  MaBow h*

## I.  INTRODUCTION AND PRELIMINARY STATEMENT

This is a cause of action for a declaratory judgment, asking the Court to find that the

procedure and rules for admittance to the Bar in the Commonwealth of Massachusetts are

Unconstitutional, holding  that they deny applicants their Federally Guaranteed Constitutional

Right (5th & 14th Amendment) to "Procedural Due Process" of Law.  The Petitioner brings this

action to redress violation of his Constitutional right to procedural due process in seeking to

secure admittance to the Bar of the Commonwealth of Massachusetts so that he could pursue his

occupation of choice as licensed attorney in the Commonwealth.  The United States Supreme

Court having held that the right to earn a living and engage in one's chosen profession are

fundamental rights (See, *Wayfield v. Town of Tisbury,* 925 F.Supp. 880 (D. Ma. 1996), citing

*Medina v. Rudman,* 545 F.2d 244 (1st Cir. 1976), citing *Schware v. Board of Bar Examiners,* 353

U.S. 232, 77 S.Ct. 752 (1957)).  The Petitioner alleges that, under the color of state law, rules,

procedures and custom, the Respondents have denied him "Procedural Due Process" as to his

application for admittance to the Bar, and that the rules as they now exist allow for this denial

1

and there is no remedy present in the rules whereby an applicant can seek and secure procedural

due process if the Respondents chose not to grant it.  This action is pursuant to 42 U.S.C. § 1983

to redress the deprivation of the Petitioners Constitutional rights under the color of statute,

ordinance, regulations, custom or usage of rights, privileges and immunities secured to the

Petitioner by the 5th & 14th Amendments to the Constitution of the United States.  42 U.S.C.

allows for an action at law or suit in equity, or other proper proceeding to redress the violation of

Constitutional rights under the color of State law.

## II.  PARTIES

1.    The Petitioner, John A. Baldi, is a citizen of the United States residing at 19 Ledge

Street, in the City of Melrose, County of Middlesex, Commonwealth of Massachusetts 02176.

2.    Respondent Supreme Judicial Court For Suffolk County, is the offshoot of the

Supreme Judicial Court For The Commonwealth Of Massachusetts that rules on Bar admissions.

The Court administers it's business from the office of the Clerk, Maura S. Doyle, One Beacon

Street, 4th floor, Boston, Massachusetts 02108.

3.    Respondent Massachusetts Board Of Bar Examiners, Edward J. Barshak,

Chairman, is the administrative board that administers the bar exam, reviews the applicants

admissions applications, and forewords the applications to the Supreme Judicial Court, with a

recommendation as to whether the individual applicant should be admitted to the Bar, or denied

admittance to the Bar.  The Board Of Bar Examiners conducts it's business from the 5th floor of

77Franklin Street, Boston, Massachusetts 02110.

## III.  JURISDICTION AND VENUE

4.    This action is pursuant to 42 U.S.C. § 1983 to redress the deprivation under color

2

of statute (state law), ordinance, regulation, custom or usage of rights, privileges and immunities secured to the citizenry by the 5th & 14th Amendments of the United States Constitution.

5.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 1343(3), which confer original jurisdiction on Federal District Courts in suits to redress the deprivation of rights, privileges and immunities as stated in paragraph 4 above and 28 U.S.C. § 2201(a) and § 2202, authorizing the Court to issue declaratory judgments and further necessary or proper relief based on a declaratory judgment.

6.     Venue is conferred on this Court by 28 U.S.C. § 1391(a) & 1391(b).

## IV.  FACTS

7.     The Petitioner is a graduate of the Massachusetts School of Law who has passed the Multi-State Professional Responsibility Examination and the July 2003 Massachusetts Bar Examination.  His application for admittance to the bar presently sits with the Board of Bar Examiners in their office and has not been referred to the Supreme Court with a recommendation as to either grant or deny admittance to the bar.

8.     The swearing in of the applicants who passed the July 2003 Massachusetts Bar Examination, and had previously passed the Multi-State Professional Responsibility Examination, took place between December 9 and 11, 2003, their applications having been forwarded to the Court by the Board of Bar Examiners.

9.     The Petitioners application has not been forwarded to the Court by the Board of Bar Examiners and to the best of Mr. Baldi's knowledge, he is the only applicant who passed the July 2003 Bar Examination and the Multi-State Professional Responsibility Examination who has not had his application presented to the Court with a recommendation to either admit or deny

3

his application for admittance to the Bar.

10.     Mr. Baldi met with the Board of Bar Examiners at their office, 77 Franklin Street, Boston, Massachusetts, on November 18, 2003 and was told by Chairman Barshak, that he was a hot flash and the board would be securing an attorney to investigate him. Mr. Baldi asked Mr. Barshak what the problem was and what he meant by hot flash, whereupon he was told by Mr. Barshak to leave the room and not to contact the board..

11.     After a short period of time waiting to hear from the board or it's counsel to no avail, Mr. Baldi communicated via the telephone and in person, with Deanna Smith, Head Administrator for Attorney Services for the Supreme Judicial Court and Lillian Andruszkiewicz, 1st Assistant Clerk for the Supreme Judicial Court, asking how he could get his application before the Supreme Court for them to act upon it if the Board of Bar Examiners does not submit it to the Court. Ms. Andruszkiewicz told Mr. Baldi to wait a couple of weeks to see what the board did. She also informed Mr. Baldi that she had spoken with Mr. Barshak and that the application was going to be acted upon.

12.     After two weeks Mr. Baldi still had not heard from either the Court or the Board, and he again contacted Ms. Andruszkiewicz and was told there are no time constraints in the rules for admittance as to how long the board has to act on an application and that the board could keep Mr. Baldi in limbo for as long as they wanted and there was nothing she could do about it.

13.     Whereupon, Mr. Baldi filed a motion with the Court seeking to has a hearing on his application for admittance, and to be allowed discovery as to why his application was not being forwarded and acted upon. Mr. Barshak responded to Mr. Baldi's motion with the boards

4

objection, stating that it was to early for the Court to grant Mr. Baldi a hearing on his application and that the board had now secured an attorney to investigate Mr. Baldi, that individual being a Mr. John Wall.

14.    It appears that the board is delaying judgment as to Mr. Baldi's character and fitness to be a lawyer because he has filed civil suits against several police officers in the state of New Hampshire pursuant to 42 U.S.C. § 1983, and those suits are still pending in federal courts.

15.    The above stated civil actions are the result of an attempt to murder Mr. Baldi on the night of July 8, 1999.

16.    The attempt to murder Mr. Baldi was video taped and he has offered to show the tape to the board and or Mr. Wall and they have declined to view it. Mr. Baldi has also provided Mr. Wall with docket marking from the civil action as well as trial and hearing transcripts. It should be noted that the federal district court has denied qualified immunity to the defendant police officers.

17.    Mr. Baldi has done nothing wrong and there is nothing in his background that would warrant the Supreme Court from admitting him to the Bar.

18.    Mr. Baldi believes that Mr. Barshak is personally holding up his application because the Petitioner has exposed to the public and various courts in the State of New Hampshire, that an individual known to Mr. Barshak, and conceivably very close to him, has been facilitating bribes in the form of gifts valued at between $20,000-$30,000 every year for over twenty years, to various elected officials and department heads, in the State of New Hampshire. These gifts have also been given to at least one Massachusetts elected official. In the State of New Hampshire, RSA 640:5 Gifts to Public Servants (misdemeanor) and RSA 640:2

5

Bribery in Official Matters (class B felony), make it a criminal offense to offer and have these gifts accepted. The Petitioner learned of these gifts by deposing the treasurer of the corporation providing them. The recipients and those involved in concealment of the illegality include governors, attorney generals, United States Attorney's as well as federal and state judges.

19. The Petitioner believes that Mr. Barshak and the Board of Bar examiners are on a witch hunt to find something that can be used to deny him admittance and that his application will be held in limbo until something is found or they can instigate Mr. Baldi into doing something they can use against him.

20. The actions of the board and the Court in denying Mr. Baldi a hearing and a statement as to what character defect or other issue is keeping his application from being acted on by the board and forwarded to the Court, are violations of his property rights under the 5th & 14th Amendments to procedural due process. This violation is ongoing and repeatable in other instances.

21. The United States Supreme Court has held that "A State cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. *Dent v. State of West Virginia*, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623." Schware v. Board of Bar Examiners of the State Of New Mexico, 353 U.S. 232, 238-239, 77 S.Ct. 752,756 (1957). In the present matter, Mr. Baldi is being denied procedural due process for he has not been addressed with the reasons for the Massachusetts Supreme Court not to act on his application, the reasons the Board of Bar Examiners have not forwarded his application to the Supreme Court, the reasons for which he is being denied a hearing and the right to address any complaints and or charges against him, and

6

the reason for discriminating against him by placing him in a class of one, who's application has not been forwarded to the Court for a hearing. That class being of individuals consisting of those who expose government wrong doings and inadequacies.

22.    All of the Respondents are protected by either absolute Judicial immunity or quasi Judicial immunity, leaving the Petitioner no remedy to correct the Constitutional violation of his 5th & 14th Amendment property right, denial of his choice of occupation, without "Due Process of Law", other than this petition for declaratory judgment and subsequent injunctive relief..

## V.  RELIEF SOUGHT VIA DECLARATORY JUDGMENT

23.    The Petitioner repeats and re-alleges each and every allegation set forth above.

24.    Find the rules for admittance to the Bar of the Commonwealth of Massachusetts are Unconstitutionally, holding that there are no provisions in the rules to allow applicants "Procedural Due Process" without first denying them the right to practice law.

25.    Find that the rules for admittance to the Bar of the Commonwealth of Massachusetts are Unconstitutional, holding that as they presently exist the Board of Bar Examiners, having no authority to do so, can deny an applicant admission by not presenting his application to the Court for a Due Process hearing.

26.    Find that the rules for admittance to the Bar of the Commonwealth of Massachusetts are Unconstitutional because as they currently exist there is procedural due process for some but not all applicants and that this constitutes a discriminatory act against the class or group who's applications are denied procedural due process and violates the right to equal protection under the law for those in the class being discriminated against.

7

## VI.  INJUNCTIVE RELIEF SOUGHT

27.    The Petitioner repeats and re-alleges each and every allegation set forth above.

28.    Issue and order instructing the Supreme Judicial Court For Suffolk County to schedule a hearing forthwith, granting Mr. Baldi his Constitutional right to procedural due process, by informing him as to whether or not he will be admitted to the Bar, and if he is not to be admitted, the Court must first inform the Petitioner as to the reasons the Court may not admit him and present him with the opportunity to address the concerns of the Court prior to a final judgment on his application.

## VII.  EQUITABLE RELIEF SOUGHT

29.    The Petitioner repeats and re-alleges each and every allegation set forth above.

30.If the Court grants the declaratory judgment sought by the petitioner, award the petitioner costs and attorney's fees as allowed by federal law pursuant to 42 U.S.C. § 1988.

Respectfully submitted,

Dated: January 28, 2004

John A. Baldi, Pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

8