UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>    Petitioner<br>v.<br><br>Supreme Juddicial Court For Suffolk County<br>(Maura S. Doyle, Clerk) and<br>Massachusetts Board of Bar Examiners<br>(Edward J. Barshak, Chairman) | Civil No. 04-10198-JLT |

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS APPLICATION FOR A DEFAULT JUDGMENT AGAINST THE RESPONDENTS PURSUANT TO RULE 55(b)(2), FED. R. CIV. P.

#### I. The Law

Rule 55(b) Judgment, allows that "Judgment by default may be entered as follows:"

> (2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the Court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the Court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages ot to establish the truth of any averment by evidence or to make an investigation of any other matter, the Court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Within the First Circuit, "After an entry of default, a court may examine a plaintiff's complaint to determine whether it alleges a cause of action. In making that determination it must assume that all well pleaded factual allegations are true." Pacheco v. Morales, 953 F.2d 15, 16

1

(1st Cir. 1992), and "Under Federal Rule of Civil Procedure 55(b)(2) a court, in its own discretion, may hold a hearing to establish the truth of any averment in the complaint. In this circuit, we have stated that this is appropriate only if the court has made its requirements known in advance to the plaintiff, so that he could understand the direction of the proceeding and marshall such evidence as might be available to him." Id at 16. "Following entry of default, a district court can enter a final judgment without requiring further proof of damages only in limited situations. For example, no evidentuary inquiry is necessary if the claim is for a sum certain." KPS & Associates, Inc., v. Designs By FMC, Inc, 318 F.3d 1, 19 (1st Cir. 2003), and "(In cases where the court has entered default judgment and the claim is for a sum certain, the court can enter the default judgment for the amount stated in the complaint. Id at 19.

## II.  Application Of The Law To The Present Case

In the present case we have two respondents, both of whom are represented by experienced counsel form the office of the Massachusetts Attorney General that have failed to timely file an answer and defenses to the petition and as such defaulted. The petition is for declaratory judgments, injunctive relief, and attorney's fees and costs as allowed by 42 U.S.C. § 1988. The respondents have judicial and quasi judicial immunity, prohibiting the Court from awarding any monetary damages. Therefore, any monetary awards to the Petitioner would be for reimbursement of his filing fee ($150), there being no attorney's fee where petitioner acted Pro se. Thus, there is no need for a hearing as the record shows the Petitioner has been denied "Procedural Due Process" and the respondents failure to answer confirms their abuse of and continued willingness to infringe on Mr. Baldi's Constitutional right to "Procedural Due Process."

2

### III. Conclusion

The Court should without a hearing, grant forthwith, a default judgment in favor of the Petitioner, and issue declaratory judgments and orders as sought by the Petitioner in the application supported by this memorandum of law, as well as an order against the Board of Bar Examiners instructing them to pay the petitioner $150.

Respectfully submitted,

Dated: February 23, 2004

*/s/ John A. Baldi*
John A. Baldi, Pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

### CERTIFICATION OF SERVICE

I certify that on this day, February 23, 2004, a copy of the foregoing document was sent via certified mail and 1st class mail to Juliana deHaan Rice at One Ashburton Place in Boston, Massachusetts.

*/s/ John A. Baldi*

3