UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| John A. Baldi, | ) | |
| | ) | |
| Petitioner | ) | |
| v. | ) | Civil No.  04-10198-JLT |
| | ) | |
| Supreme Judicial Court For Suffolk County | ) | |
| (Maura S. Doyle, Clerk) and | ) | |
| Massachusetts Board of Bar Examiners | ) | |
| (Edward J. Barshak, Chairman) | ) | |
| | ) | |

## PETITIONER'S OBJECTION TO "DEFENDANTS [RESPONDENTS] MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S [PETITIONER'S'] PETITION FOR DECLARATORY JUDGMENT AND DEMAND FOR THREE-JUDGE PANEL

The Respondents in the above captioned matter have motioned the Court for an

enlargement of time to respond to Mr. Baldi's petition for declaratory judgment.  The petitioner

objects, and he supports his objection with the following facts, exhibits, memorandum of law and

his affidavit:

1.     Contrary to the allegation stated by respondents and their counsel in line 1 of their

motion, proper service of process was made.  On the same day that the respondents were served

with a copy of the summon's and petition, January 29, 2004, a copy of the petition and the

summon's to each of the respondents was via first class mail to the office of the Attorney General

for the Commonwealth of Massachusetts.  The envelope in which it was sent was plainly marked

with the petitioner's return address, and it has not come back, indicating that it was received by

the party to whom it was addressed.

2.     Even if the respondents allegation that the proper service of process had not been

1

made were true (the allegation is false as stated above), the argument presents no valid grounds

for supporting the motion because in line 5 of the Affidavit of respondents counsel, Juliana

deHaan Rice, she waives service of process.

    3.    The respondents motion is presented in a non-conforming document, and should

not have been accepted by the clerk's assistant or whom ever it was that accepted it.  Rule 10(a),

Fed. R. Civ. P. Requires:

> "Every pleading shall contain a caption setting forth the name of the
> court, title of the action, the file number, and a designation as in Rule 7(a)."

The respondents motion is captioned "COMMONWEALTH OF MASSACHUSETTS,

SUFFOLK, ss, SUPERIOR COURT, C.A. NO. 03-10198-JLT."  This action is in the United

States District Court for the District of Massachusetts , not in the Suffolk County Superior Court.

    4.    Presuming the Clerk's compliance with Rule 55(a) and his entry of default against

the respondents as properly entered as applied for by the petitioner in his affirmed request dated

February 23, 2004 and hand delivered to the Court that same day ( the Courts record confirms the

filing date and enters the request on February 25, 2004), the respondents counsel did not contact

the petitioner or the Court seeking to enlarge the time for responding until February 26, 2004,

well after she had received notice of petitioners application for default, on February 24, 2004

(See, Exhibit #1 proof of service on the respondents counsel).

    5.    The respondents being in default, must first have the default removed, Rule 55( c ),

Fed. R. Civ. P., before being allowed to file a responsive pleading and defenses.

> "( c ) Setting Aside Default.  For good cause shown the court may set
> aside an entry of default and, if a judgment of default has been entered,
> may likewise set it aside in accordance with Rule 60(b)."

In the present matter, the respondents have shown not only failed to show good cause for the

default, but in addition, have not yet sought removal of the default.

6.  The petition asks for the Court to enforce the Constitutional right of Mr. Baldi and all applicants to the Massachusetts Bar, to due process of law, and equal protection of the law, as mandated to the States by the 14th Amendment to the United States Constitution. At present both Constitutional rights are being denied to the Petitioner. Within the 1st Circuit it has always been held that the denial of a Constitutional right represents an irreparable harm that warrants immediate relief. If the Court grants the respondents motion, it is committing a defacto act of prejudice and harm against the petitioner.

7.  If the Court grants the respondents motion, in addition to harming the petitioner, it harms the citizens and the treasury of the Commonwealth. If Mr. Baldi is successful in this action, he will have the right to seek damages from the State pursuant to the Massachusetts Tort Claims Act. Therefore, a speedy decision is in the best interest of both the Pettitioner, and the State.

8.  Counsel for the respondents is a graduate of Boston College Law School, admitted to the Bar in 1993, she has a decade of experience and should not be excused from her failure to properly seek an enlargement prior to default, and for failing to properly caption her docket markings.

9.  There are no facts stated in the petition that the respondents can truthfully contest. Petitioners Exhibit #2, Decision of the Supreme Judicial Court For Suffolk County dated January 7, 2004, enclosed herein, is proof of the fact that the Petitioner is being denied due process and that he has asked to be granted the procedural due process the Constitution grants to him.

10. If the Board Of Bar Examiners had any grounds for a recommendation to the

3

Supreme Court denying the petitioners application for admittance they would have done so by now. They have had almost three (3) months beyond the time frame used to investigate the other applicants and still have failed to find anything to warrant a recommendation to deny admittance.

11.    The petitioners wife is afflicted with multiple sclerosis. Emotional distress is recorded in various medical treatis as a potential cause of the flare ups that cause the physically disabling injuries associated with the disease. Within the last year, Mr. Baldi's wife has already had a flare up that caused her to go blind in addition to the mobility restrictions imposed by the disease. This case is causing great stress to the petitioners wife and the Court should not grant unwarranted delays in adjudicating this matter at the expense of petitioners wife, because the respondents and their counsel have been negligent in their obligations and duties to the case.

WHEREFORE, the Petitioner John A. Baldi, in his objection to the respondents motion, moves for this Honorable Court to:

A.    Find that the respondents motion is a non-conforming document and strike it from the docket; or

B.    If the Court chooses not to strike the document, find that the respondents have f ailed to show good cause as to why an enlargement should be granted and deny their motion; and/or

C.    If the Court grants the enlargement sought by the respondents, issue forthwith, an order instructing the Courts of the Commonwealth of Massachusetts to allow John A. Baldi to act as counsel for either defendant's or plaintiff's and to come before the bench as such, until the Supreme Court of the Commonwealth of Massachusetts renders a decision on his application for the Bar, that denies him admittance, and any order so doing must state with particularity the

reason/reasons for denial of admittance, and the denial of admittance can not be rendered without

first notifying Mr. Baldi of the accusations against which he must defend and be given an

opportunity to appear before the Supreme Judicial Court For The Commonwealth Of

Massachusetts to defend.

Respectfully submitted,

Dated: March 1, 2004

John A. Baldi, Pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing document, memorandum of law and all attachments, was hand delivered to the office of the Attorney General at One Ashburton Place, in an envelope addressed to the respondents counsel, Juliana deHaan Rice, on March 1, 2004.

5