UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>Petitioner<br>v.<br><br>Supreme Judicial Court For Suffolk County<br>(Maura S. Doyle, Clerk)<br>Massachusetts Board of Bar Examiners<br>(Edward J. Barshak, Chairman) | Civil No. 04-10198-JLT |

### PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO THE RESPONDENTS MOTION TO ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO PETITION FOR DECLARATORY JUDGMENT

I. The Law

Rule 55(a), Fed. R. Civ. P. Provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Within the 1st Circuit, "A court may set aside an entry of default for good cause. This standard is a liberal one, Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989; the relevant factors are whether (1) the default was wilful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." United States v. $23,000 in United States Currency, 356 F.3d 157, 164 (1st Cir. 2004). "Under the Federal Rules of Civil Procedure, once the summons was properly served under Rule 4, neither the plaintiff nor the clerk of court had a further duty to notify the defaulted party." Cutting v. Town of Allenstown, 936 F.2d 18, 20 (1st Cir. 1991).

II. Application Of The Law To The Present Case

Here the respondents after being properly served, failed to respond to the petition until

1

after they were in default, and were notified of both the default and the petitioners application for a judgment by default by certified mail and first class mail. When the respondents did act, it was not with a motion to remove the default, but with a motion for an enlargement of time to respond, and their document was marked for docketing in a state court rather than the District Court. It was a non complying document as to Rule 10(a) of the Fed. R. Civ. P.. Furthermore, the respondents motion fails to meet the criteria established within the 1st Circuit for removing a default. The actions/inactions of respondents and their counsel in not responding were wilful and without good cause, the respondents counsel could have telephoned the petitioner and asked his consent to file late so that she could take a vacation, or she could have asked the Court. She did neither, making her failure to respond wilful.

Furthermore, any delays in this case prejudice the petitioner. He brought this action because he is being denied his constitutional right to due process of law. "Where basic constitutional rights are imperiled, the courts have not required a series of injured parties to litigate the permissible scope of the statute or administrative interpretation but have nullified the unconstitutional action and required the government to start in the first instance with a statute or interpretation that will not so overhang free expression that the legitimate exercise of constitutionally protected rights is suppressed." Wolf v. Selective Service Local Board No. 16, et al., 372 F.2d 817, 824-825 (2nd Cir. 1967). The longer this case takes, the greater the unjustified emotional damage to the petitioner and his wife, and the greater the chance of the petitioners wife having an MS flare-up that will cause permanent physical injury.

In addition, the respondents have no meritorious defenses or their counsel would have included them in her motion. The one defense included, "proper service of process was not

2

made," is not true and an error on the part of respondents counsel to so state it. The petitioner has provided the Court with his affidavit confirming that he did provide the Attorney General's Office with copies of the summons and the petition, the respondents counsel has not affirmed her allegation. Furthermore, the petitioner has provided the Court with the decision of the State Court (Ex. #3) confirming the Constitutional violations alleged.

### III. Conclusion

The respondents and their counsel have failed to meet even the minimal standerds necessary for the Court to enlarge the tie for responding. The possibility of harm to the plaintiff by granting the respondents motion is extreme, and the danger cast on the petitioner by the Court if the motion is granted far outweighs the harm imposed on the State Court by having to grant the petitioner procedural due process. Respondents motion should be denied.

Respectfully submitted,

Dated: March 1, 2004

John A. Baldi, Pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011