UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,                              )<br>                                             )<br>                              Petitioner )<br>v.                                           )      Civil No. 04-10198-JLT<br>                                             )<br>Supreme Judicial Court For Suffolk County  )<br>(Maura S. Doyle, Clerk) and                )<br>Massachusetts Board Of Bar Examiners       )<br>(Edward J. Barshak, Chairman)              )<br>                                             ) | |

## **PETITIONERS MOTION FOR IMMEDIATE TEMPORARY, INJUNCTIVE RELIEF**

The Petitioner has before the Court a "Petition For Declaratory Judgment" and "Injunctive Relief". He now moves for the Court to grant him immediate temporary injunctive relief pursuant to Rule 6, Fed. R. Civ. P., in the form of an order to the Courts of the Commonwealth of Massachusetts instructing them to accept appearance forms from the Petitioner and to allow his appearance in representation of clients in the Courts of the Commonwealth until the United States District Court issues an order to the contrary. The Petitioner supports his motion with the following facts, his memorandum of law and accompanying affidavit:

1. The Petitioner is a resident of the Commonwealth of Massachusetts, married to his wife Catherine M. Baldi (Bourque) since December 7, 1975.

2. Catherine M. Baldi is afflicted with multiple sclerosis (MS), is totally blind in one eye from the disease, and has a partial vision loss in the other eye from the disease. Mrs. Baldi has incurred flare-ups that cause her to loose the vision in the eye that retains some sight, and that vision has returned when the flare-up subsides. There is no way of knowing when and or if a

1

flare-up will cause a vision loss in the working eye to become permanent.

3. Mrs Baldi also suffers from loss of mobility from the disease. It was discovered that she had the disease when she lost almost total use of her lower limbs and partial use of her upper limbs, overnight. The Petitioner carried his wife into the hospital for treatment. At present, Mrs. Baldi is being treated at Brigham and Women's Hospital and the Massachusetts Eye and Ear Infirmary.

4. There is very limited knowledge as to what causes or induces MS flare-ups, but it is widely published in the medical treatis and literature that stress is associated with or can induce flare-ups. The wait for the present matter to be adjudicated is causing extreme emotional duress and stress on the petitioners wife.

5. If the Board of Bar Examiners had any sound reason to recommend to the Supreme Court that Mr. Baldi was not fit to practice law in the Commonwealth of Massachusetts they would have done so by now, and forwarded his application with a recommendation that he not be admitted.

6. The Board of Bar Examiners is still searching for a reason to recommend to the Court that Mr. Baldi be denied admission to the Bar, and they have not found one to date. This is supported by the fact that their investigator, JohnWalls, continues to contact various individuals who know the petitioner, searching for flaws in his character. Enclosed as exhibit #1 Is Mr. Walls recent letter to Mr. Nicolas Decoulos, and as exhibit #2, Mr. Decoulos's response. Mr. Baldi was also informed by one of his law school professors, Peter Malaguti, that Mr. Walls had written to him and that his response was going to be positive as to the fact that the petitioner should be admitted to the Bar.

7. With the Petitioner having filed this action, as a matter of principal, the Bar Examiners are not going to forward his application to the Court unless they are forced to or until they can find or fabricate a reason to recommend that Mr. Baldi not be admitted.

8. Title 18, U.S.C. § 241 makes it a federal crime for two or more people to conspire against an individual to deny that person their civil rights and 18 U.S.C. § 242 makes it a federal crime to deprive an individual of their civil rights under the color of state law. If it hasn't already, at some point the wilful, deliberate, and malicious failure of the Board of Bar Examiners to forward the Petitioners Bar application to the Supreme Court, becomes a criminal act in violation of §§ 241 & 242.

9. The petitioner paid for his law school education with funds from an account held jointly by himself and his wife. Ten's of thousands of dollars were expended, under the presumption that once the Petitioner passed the Bar Exam he would be able to earn his living as a lawyer and replenish the account. The actions/inactions of the respondents are unconstitutionally preventing him from earning a living as a lawyer and replenishing the account.

10. The United States Supreme Court and the First Circuit Court of Appeals have both held that the denial of a Constitutionally protected right constitutes an irreparable injury.

11. To date the Petitioner has not received his Constitutional right to "Procedural Due Process" on his application for admission to the Bar of the Commonwealth of Massachusetts.

12. The Petitioner asked the counsel for the Respondents if she would assent to a motion granting the plaintiff temporary relief in the form of an injunction allowing him to practice until the case was resolved. She consulted with her clients and does not assent to this motion.

3

WHEREFORE, the Petitioner moves for this most Honorable Court to:

A. Issue an order forthwith, instructing the Courts of the Commonwealth of Massachusetts to accept appearance forms from the Petitioner, John A. Baldi, and for those Courts to allow him to appear in representation of clients in all matters before those Courts; and

B. Grant to the Petitioner any other relief that the Court deems just and proper.

Dated: March 8, 2004

Respectfully submitted,

John A. Baldi, Pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

### CERTIFICATION OF SERVICE

I certify that a copy of the foregoing document, memorandum of law and affidavit of John A. Baldi were sent via U.S. Mail to Juliana deHaan Rice, at One Ashburton Place, Boston, Ma., 02108-1598, on March 8, 2004.

Law Office of
# JOHN WALL
ONE COMMERCIAL WHARF WEST
BOSTON, MASSACHUSETTS 02110
TEL: (617) 742-9096
FAX: (617) 742-8604

Ex. #1

February 23, 2004

Nicholas J. DeCoulos, Esq.
DeCoulos & DeCoulos
Suite 204
39 Cross Street
Peabody, MA 01960

FEB 2 / ?

Decoulos & Decoulos

Re:   John A. Baldi/Board of Bar Examiners (Commonwealth of Massachusetts)

Dear Attorney DeCoulos,

    I have been appointed counsel to the Massachusetts Board of Bar Examiners to investigate John A. Baldi's petition for admission to the Bar of the Commonwealth of Massachusetts and report back to the Board regarding Mr. Baldi's qualifications, including character.

    A letter stating your assessment of Mr. Baldi's character will be appreciated, including the following information:

    a) how long you have known Mr. Baldi;

    b) in what connection or capacity you have known him;

    c) your view of his character and integrity with an example if possible; and

    d) a brief reference to your background.

    If you will furnish your letter by return mail in the enclosed self-addressed, stamped envelope it will be much appreciated.

    Thank you for your consideration.

Sincerely,

*John Wall*
John Wall

JW/jcw

Law Offices
## DECOULOS & DECOULOS
39 Cross Street (Suite 204)
Peabody, Massachusetts 01960
Telephone (978) 532-1020

Ex. #9

Nicholas J. Decoulos
E-Mail awalters@decouloslaw.com

James N. Decoulos

February 24, 2004

John Wall, Esquire
One Commercial Wharf West
Boston, MA 02110

**RE: John A. Baldi**

Dear Mr. Wall:

    In response to your letter of February 23, 2004, I am pleased to advise you that I first met with John Baldi in December, 2001. He retained my services as an attorney relating to property owned by him in New Hampshire and I have represented him since that time with regard to that property. I found Mr. Baldi at all times to be very responsive and particularly relentless in the pursuit of his rights.

    In my relationship with Mr. Baldi, I have never found any flaw in his character or integrity which would prevent him from becoming a member of the Bar of the Commonwealth of Massachusetts.

    As to my background, I have been a member of the Bar since 1954.

    If I can be of any further assistance, please contact me.

                             Very truly yours,

                             DECOULOS & DECOULOS

                             Nicholas J. Decoulos

NJD:aw

C:\Documents and Settings\AnnXP\My Documents\CLIENTS\Baldi\Wall.Let.doc

Ex. #3

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPREME JUDICIAL COURT
FOR SUFFOLK COUNTY
No. BA-159224

In the Matter of

**JOHN A. BALDI**

Petitioner for Admission as an Attorney at Law

MEMORANDUM AND ORDER
-----

This matter came before me as single justice on Petitioner Baldi's Motion to Compel Disclosure, Allow Discovery, and for the Chief Justice to Schedule a Hearing on the Matter of the Petitioners Admittance to the Massachusetts Bar. An opposition to the Petitioner's Motion was filed by the Chairman of the Board of Bar Examiners (BBE).

Mr. Baldi filed a Petition (Reapplication) for Admission to the Bar of the Commonwealth on May 15, 2003. Pursuant to S.J.C. Rule 3:01(1)(1.3) "(a)ll petitions for admission shall be referred to the Board of Bar Examiners for a report as to the character, acquirements and qualifications of the applicant." Mr. Baldi's petition for admission is governed by that rule and the BBE is acting in accordance with that rule before it makes its report to the Court on Mr. Baldi's moral character, acquirements and qualifications. (See S.J.C. Rule 3:01(5)(5.1)). Any requests for discovery should

be made to the BBE in the first instance.

It is therefore ORDERED that the motion is denied without prejudice.

                                                              /s/ John M. Greaney  
                                                             John M. Greaney  
                                                             Associate Justice

Entered: January 7, 2004