UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>　　　　　　　Petitioner<br>v.<br><br>Supreme Judicial Court For Suffolk County<br>(Maura S. Doyle, Clerk) and<br>Massachusetts Board Of Bar Examiners<br>(Edward J. Barshak, Chairman) | Civil No. 04-10198-JLT |

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONERS MOTION FOR IMMEDIATE TEMPORARY INJUNCTIVE RELIEF

### I. The Law

The Court of Appeals has held that "In order to gain a preliminary injunction in the First Circuit, a plaintiff must satisfy four criteria. The court must find: (1) that the plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that the plaintiff has exhibited a likelihood of success on the merits; (4) that the public interest will not be adversely affected by the granting of the injunction." Suarez-Cestero v. Pagan-Rosa, 172 F.3d 102, 104 (1st Cir. 1999) and the Supreme Court held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity,". . ., Pullman v. Allen, 466 U.S. 522, 104 S.Ct. 1970 (1984). Also held is the fact that "if the plaintiff suffers a substantial injury that is not accurately measurable or adequately compensable by money damages, irreparable harm is a natural sequel. Thus, a cognizable threat of such harm can support a restraining order." DeNovellis v. Shalala, 135 F.3d 58, 71 (1st Cir. 1998), and "Deprivation of a constitutional right,

1

for even minimal periods of time, unquestionably constitutes irreparable injury." Id at 71-72.

## II. Application Of The Law To The Present Case

In the present matter, the Petitioner has been denied his Constitutional right to "Procedural Due Process" concerning his application for admittance to the Bar of the Commonwealth of Massachusetts. The record shows that the Petitioner has asked the Supreme Judicial Court For Suffolk County to order the Board of Bar Examiners to forward his application to the Supreme Court so that it can be acted upon (See, Ex. #3). In addition, the Board of Bar Examiners have Quasi Judicial Immunity from monetary damages and the State Court Judges have Absolute Judicial Immunity from monetary damages. Furthermore, no amount of money can compensate for the physical damages to the petitioners wife if she suffers a flare-up of her Multiple Sclerosis brought on by stress. The first criteria for injunctive relief is clearly met by the Petitioner.

The second criteria is also met. By allowing the Petitioner to practice law until his application for admittance is ruled on there is no possible way for that to harm the respondents. It does not deny the Supreme Court the right to deny the petitioner admittance if the Court finds reason to do so. But it does allow for the damages to stop while the Court chooses not to grant the Petitioner "Procedural Due Process."

The third criteria for injunctive relief is also met. The Petitioner has demonstrated a likelihood of success on the merits. He has passed the Multi-State Examination on "Professional Responsibility and the State Bar Examination. All that is left is for the Board of Bar Examiners to forward his application to the Supreme Court with a recommendation to admit or deny admittance based on the Petitioners character. If the Board had grounds to recommend denying

2

admittance based on character they would have done so by now.

The fourth criteria for injunctive relief is also met. The public interest will not be adversely affected if the Petitioner is allowed to practice law until the Court rules on his application. The Petitioner has had a series of individuals come to him for representation on legal matters since he passed the Bar Examination. In each instance he informed them that he could not do so until he was sworn in by the Court. Each party has chosen on their own to delay there case until the Petitioner is sworn in. In two cases, the party has asked the Court in which the matter was already pending, to stay the proceedings until the petitioner is sworn in. In both cases the Court did so, but the stays expire the week of March 21, 2004. This shows that the public will be hurt if the Petitioner is not allowed to represent them.

### III.  Conclusion

The petitioner has met all four of the criteria necessary for the Court to grant the injunctive relief sought in his motion. There are no grounds for the District Court to deny his motion, just as there are no grounds for the Board of Bar Examiners not to have forwarded his application for admittance to the Supreme Court. Title 18 U.S.C. §§ 241 & 242 were enacted by the Congress to prevent the type of abuse being suffered by the Petitioner and this Court has the authority to stop the damages presently bing inflicted by granting the relief sought.

Respectfully submitted,

Dated: March 8, 2004

John A. Baldi, Pro se
9 Ledge Street
Melrose, Ma. 02176
(781) 665-5011