UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-10198-JLT

JOHN A. BALDI,
            Plaintiff,

v.

SUPREME JUDICIAL COURT for SUFFOLK
COUNTY (MAURA S. DOYLE, CLERK) and
MASSACHUSETTS BOARD of BAR
EXAMINERS (EDWARD J. BARSHAK,
CHAIRMAN),
            Defendants.

DEFENDANTS' OPPOSITION TO PETITIONER'S
MOTION FOR IMMEDIATE TEMPORARY INJUNCTIVE RELIEF

The petitioner, John A. Baldi ("Baldi"), is an applicant for admission to the bar of the Commonwealth of Massachusetts, whose character and fitness for the bar is currently being evaluated by the defendant Massachusetts Board of Bar Examiners ("Board") in accordance with state law and bar-admission rules. By his Motion for Immediate Temporary Injunctive Relief, Baldi asks this Court to order the Massachusetts courts to immediately recognize him as an attorney and to permit his representation of clients as though he had been admitted to the bar. Because Baldi has no chance of success on the merits of his claims, over which this Court lacks jurisdiction; because he does not demonstrate immediate irreparable harm that might warrant this Court's intervention to re-structure the status quo; and because the requested injunction would be detrimental to the interest of the citizens of Massachusetts, his Motion for Immediate Temporary Injunctive Relief should be denied.

## STATUTORY AND REGULATORY FRAMEWORK

In Massachusetts, the duty of examining applicants for admission to the bar is vested in the Supreme Judicial Court or the Superior Court. M.G.L. c. 221, § 37. Applicants may petition either court for admission, then,

> Unless the court otherwise orders, the clerk of such court shall refer the petition to the board of bar examiners to ascertain [a petitioner's] acquirements and qualifications. If the board reports that the petitioner is of good moral character and sufficient acquirements and qualifications and recommends [the petitioner's] admission, [the petitioner] shall be admitted unless the court otherwise determines and thereafter may practice in all the courts of the commonwealth.

Id. Thus, by statute, the Board must report to the court on petitioners' qualifications as well as whether petitioners are of "good moral character." Id.; see also Supreme Judicial Court Rules 3:01 § 1.3 ("All petitions for admission shall be referred to the Board of Bar Examiners for a report as to the character, acquirements and qualifications of the applicant.") (copy attached); ; In the Matter of Prager, 422 Mass. 86, 91, 661 N.E.2d 84, 89 (1996) (Board forwards its recommendation to court, which "retains ultimate authority to decide a person's fitness to practice law in the Commonwealth").

## FACTS

Baldi is a law-school graduate who has passed the July 2003 Massachusetts bar examination. Petition for Declaratory Judgment/Demand for 3-Judge Panel ("Petition") ¶ 7. His application for admission was forwarded to the Board in accordance with M.G.L. c. 221, § 37, and SJC Rule 3:01 § 1.3. Id. Due to the content of Baldi's application for admission--which detailed his involvement in many civil and criminal matters in New Hampshire and Massachusetts--the Board scheduled a personal interview with him, which occurred on

November 18, 2003. Affidavit of Edward J. Barshak ("Barshak Aff.") at ¶¶ 2-4, Exs. A and B. At this meeting, Baldi was informed that the Board would be retaining the services of an attorney to investigate the matters detailed in his bar applications. Barshak Aff. ¶ 4.

The Board thereafter secured the services of a pro bono attorney to investigate Baldi and Baldi was so informed. Affidavit of John Wall ("Wall Aff.") ¶¶ 2, 3(a). The investigating attorney, John Wall ("Wall"), contacted Baldi to schedule an interview and to request documents pertaining to the matters detailed in Baldi's bar applications. Id. ¶ 3(a); Ex. A. Baldi met with Wall and supplied some but not all of the requested materials. Wall Aff. ¶ 3(b), (c).

Since late December, 2003, Wall has exchanged numerous letters with Baldi seeking information concerning the matters reported in Baldi's bar application, as well as additional information concerning matters raised by Baldi during Wall's investigation. Id. ¶ 3(a)-(d); Exs. A, B, C, D, E, F, G, H, and I. Baldi's delay in providing the requested documentation has slowed Wall's investigation. Id. ¶ 3(e). On February 1, 2004, Baldi informed Wall that he would no longer cooperate with the investigation. Id. ¶ 3(e); Ex. J. Wall is continuing to seek and obtain information from attorneys involved in litigation with Baldi in New Hampshire as well as from character references offered by Baldi. Id. ¶ 3(f), (g); Exs. K, L, and M.

Upon completion of his investigation, Wall plans to make a written report to the Board. Wall Aff. ¶ 4. If Wall's report satisfies the Board that Baldi is of the requisite good character for admission to the Massachusetts bar, his application will be forwarded to the defendant, Supreme Judicial Court for Suffolk County, with a recommendation that Baldi be admitted. Barshak Aff. ¶ 6; M.G.L. c. 221, § 37. If Wall's report does not satisfy the Board that Baldi is of the requisite good character for admission to the Massachusetts bar, the Board will hold a hearing in which

Baldi will be permitted to participate, present evidence, and cross-examine. Barshak Aff. ¶ 6; Corliss v. Board of Bar Examiners, 437 Mass. 1023, 1024, 773 N.E.2d 944, 946 (2002) (Board held formal hearing on application for admission following investigation); Prager, 422 Mass. at 91, 661 N.E.2d at 88-89 (same); In the Matter of an Application for Admission to the Bar of the Commonwealth, 378 Mass. 795, 795, 392 N.E.2d 533, 534 (1979) (same). Regardless of the Board's recommendation, Baldi's petition for admission to the bar will ultimately be decided de novo by the Supreme Judicial Court. See M.G.L. c. 221, § 37; Corliss, 437 Mass. at 1024; 773 N.E.2d at 945 (judicial review of Board's recommendation on bar admission is de novo).

## PRIOR PROCEEDINGS

In December, 2003, Baldi sought the intervention of the defendant, Supreme Judicial Court for Suffolk County, to hold an immediate hearing on his application for admission to the bar and to make certain orders to the Board. Barshak Aff. ¶ 7; Ex. D. Based on papers filed by Baldi and by the Board, the Supreme Judicial Court for Suffolk County (Greaney, J.) denied Baldi's motion without prejudice. Barshak Aff. ¶ 9; Ex. F; Ex. 3 to Petitioners Motion for Immediate Temporary, Injunctive Relief. Baldi did not seek review of the denial of his motion in the Supreme Judicial Court for the Commonwealth, but rather filed notice of his intention to seek injunctive relief in this Court. Barshak Aff. ¶ 9; Ex. G.

## ARGUMENT

### BALDI IS NOT ENTITLED TO AN ORDER PRELIMINARILY ADMITTING HIM TO THE BAR OF THE COMMONWEALTH.

In order to obtain a preliminary injunction, Baldi must show that he "will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which

4

granting the relief would inflict on the defendant; (3) that [he] has exhibited a likelihood of success on the merits; and (4) that the public interest will not be adversely affected by the granting of the injunction." Foxboro Co. v. Arabian American Oil Co., 805 F.2d 34, 36 (1st Cir. 1986); see also Lanier Professional Serv. Inc. v. Ricci, 192 F.3d 1, 3 (1st Cir. 1999).[1] "The sine qua non of this four part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm Wireless Services v. Sprintcom, Inc., 287 F.3d 1, 9 (1st Cir. 2002) (citation omitted). Baldi cannot make the necessary showing and so his request should be denied.

    A.    Baldi Cannot Succeed on the Merits of His Claim,
Over Which this Court Does Not Have Jurisdiction,
and, Even If it Did, Is Unripe for Adjudication.

As set forth more fully in the Defendants' Motion to Dismiss Petition for Lack of Subject-Matter Jurisdiction, filed herewith, Baldi's claim is not properly brought in this Court at this time for at least two reasons. First, to the extent Baldi seeks review of the denial of his motion for an immediate hearing by the Supreme Judicial Court for Suffolk County--see Petition for Declaratory Judgment/Demand for 3 Judge Panel ¶ 28 (asking this Court to order Supreme Judicial Court for Suffolk County to schedule a hearing on Baldi's bar application "forthwith")--his claims are barred by the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983) (U.S. District Court may not entertain

---

[1] Because the defendants are entities of Commonwealth, the second test for appropriateness of a preliminary injunction discussed above--harm to the defendant--collapses into the fourth test--harm to the public interest--and is not addressed separately in this memorandum.

5

"challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); see also Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990).

Second, Baldi's claim is unripe for adjudication and, therefore, does not present the necessary "case or controversy" to invoke this Court's jurisdiction under Article III of the Constitution. See McInnis-Misenor v. Maine Medical Center, 319 F.3d 63, 70 (1st Cir. 2003). The facts alleged in Baldi's Petition for Declaratory Judgment/Demand for 3 Judge Panel coupled with the affidavits of Edward J. Barshak and John Wall establish that the Board is still conducting its investigation. The results of that investigation may favor Baldi's application. Even if they do not, Baldi will have the opportunity to present evidence to the Board in support of his application, to cross-examine witnesses, and to seek de novo review of his application in the Supreme Judicial Court. See Corliss, 437 Mass. at 1024; 773 N.E.2d at 945; In the Matter of An Application, 378 Mass. at 795, 392 N.E.2d at 533. At any of these stages, Baldi's application may be reported on favorably, clearing the way for his admission to the bar. Thus, there is no present controversy to be adjudicated by this Court. See McInnis-Misenor, 319 F.3d at 73 (claim not ripe for adjudication if it depends on future events that may not occur).

The fact that the Board's character investigation is taking longer than Baldi would like does not establish jurisdiction in this Court. It is the duty of the Board to investigate thoroughly bar applications that suggest past possible criminal conduct or possible misuse of judicial processes. See Corliss, 437 Mass. at 1024, 773 N.E.2d 946 (criminal history); Prager, 422 Mass. at 91, 661 N.E.2d at 89 (same); In the Matter of an Application, 378 Mass. at 795, 392 N.E.2d at 534 (misuse of judicial processes). Although bar admission may not be withheld arbitrarily or

capriciously, the foremost consideration must always be the public welfare over the private interests of the applicant. Prager, 422 Mass. at 91, 661 N.E.2d at 89; In the Matter of Allen, 400 Mass. 417, 421, 509 N.E.2d 1158, 1160 (1987). Baldi's extensive involvement in civil litigation and his arrest history--as reported by him on his bar application--as well as his failure to fully cooperate with the Board's investigation necessarily contribute to a more lengthy process. See Wall Aff. ¶ 3(e); Exs. A and B. The Board is charged with the duty of conducting a thorough and exhaustive investigation--preferably with the full cooperation of the bar applicant--in order to protect the public interest. Prager, 422 Mass. at 100-101, 661 N.E.2d at 94. It must fulfill that obligation. See Lombardi, 470 F.2d at 800 ("There can be no doubt that a state may regulate an occupation affecting the public interest by establishing regulations which are reasonably related to insuring the competency of its practictioners.").

    B.    The Interest of the People of Massachusetts Would Not Be Served by Compelling Admission to the Massachusetts Bar of a Person Whose Character and Fitness for the Bar Has Not Been Fully Evaluated.

As discussed above, the Board and subsequently the Supreme Judicial Court, in evaluating applications for bar admission, are charged with the solemn duty of protecting the people of Massachusetts by ensuring high standards in the legal profession. As the Supreme Judicial Court has stated on more than one occasion,

> The right to practise law is not one of the inherent rights of every citizen, as is the right to carry on an ordinary trade or business. It is a particular privilege granted and continued only to those who demonstrate special fitness in intellectual attainment and in moral character. All may aspire to it on an absolutely equal basis, but not all will attain it. Elaborate machinery has been set up to test applicants by standards fair to all and to separate the fit from the unfit. Only those who pass the test are allowed to enter the profession, and only those who maintain the standards are allowed to remain in it.

Prager, 422 Mass. at 101-102, 661 N.E.2d at 95, quoting In the Matter of Keenan, 314 Mass. 544, 546, 50 N.E.2d 785, 786-87 (1943). The "'elaborate machinery'" designed to ensure the standards of the profession" must be fully operational for the protection of the public good. Prager, 422 Mass. at 102, 661 N.E.2d at 95. Short-circuiting it for the convenience of an individual bar applicant would not be in the interest of the Massachusetts public. Because the requested injunction is not in the public interest, it should be denied.

    C.    Baldi's Claims of Harm Do Not Support His Request for Preliminary Injunctive Relief.

Baldi's claimed harm in the absence of the requested injunction centers on his wife's medical condition. Petitioners Motion for Immediate Temporary, Injunctive Relief ¶¶ 1-4; Affidavit of John A. Baldi ("Baldi Aff.") at ¶¶ 1-3. Mrs. Baldi's condition, while unfortunate, is not within the control of either defendant or of this Court. Baldi asserts that "great stress" is caused Mrs. Baldi by "the matter presently before the Court." Baldi Aff. ¶ 3. This matter, however, was filed by Baldi and may be withdrawn by him. He should not be permitted to exact special dispensation from the operation of state law and bar-admission rules on the basis of his wife's illness.

CONCLUSION

Because Baldi has not shown that he is likely to succeed on the merits of his claim, that the injunction he seeks is in the public interest, or that irreparable harm will result from its denial, this Court should deny his Motion for Immediate Temporary Injunctive Relief.

Respectfully submitted,

SUPREME JUDICIAL COURT for SUFFOLK COUNTY (MAURA S. DOYLE, CLERK) and MASSACHUSETTS BOARD of BAR EXAMINERS (EDWARD J. BARSHAK, CHAIRMAN),
Defendants.

By their attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

_____
Juliana deHaan Rice, B.B.O. No. 564918
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, Room 2019
Boston, MA 02108-1698
(617) 727-2200, ext. 2062
facsimile (617) 727-5785

Dated: March 25, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 3/25/04.

9

# CHAPTER THREE. ETHICAL REQUIREMENTS AND RULES CONCERNING THE PRACTICE OF LAW

## RULE 3:01 ATTORNEYS

Section 1. Applications for Admission.

1.1 *Petitions.* Persons desiring admission to the bar of the Commonwealth shall apply by filing a petition for admission with the Clerk of the Supreme Judicial Court for the county of Suffolk.

1.2 *Recommendations.* Each petition shall be accompanied by the recommendation of a member of the bar of this Commonwealth or of any state, district or territory of the United States.

1.3 *Referral to Board of Bar Examiners.* All petitions for admission shall be referred to the Board of Bar Examiners for a report as to the character, acquirements and qualifications of the applicant.

Amended effective October 2, 1995.

---

## RULE 2:21 APPEAL FROM SINGLE JUSTICE DENIAL OF RELIEF ON INTERLOCUTORY RULING

(Applicable to civil and criminal cases.)

(1) When a single justice denies relief from a challenged interlocutory ruling in the trial court and does not report the denial of relief to the full court, the party denied relief may appeal the single justice's ruling to the full court. Unless the court otherwise orders, the notice of appeal shall be filed with the Clerk of the Supreme Judicial Court for Suffolk County within seven days of the entry of the judgment appealed from. Unless the single justice or the full court orders otherwise, neither the trial nor the interlocutory ruling in the trial court shall be stayed.

(2) The appeal shall be presented to the full court on the papers filed in the single justice session, including any memorandum of decision. Nine copies of the record appendix must be filed in the Office of the Clerk for the Supreme Judicial Court for the Commonwealth within fourteen days after the date on which the appeal is docketed in the full Supreme Judicial Court. The record appendix shall be accompanied by eight copies of a memorandum of not more than ten pages, double-spaced, in which the appellant must set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means. No response from the prevailing party shall be filed, unless requested by the court.

(3) This rule shall not apply to interlocutory appeals governed by Rule 15 of the Massachusetts Rules of Criminal Procedure.

(4) The full court will consider the appeal on the papers submitted pursuant to this rule, unless it otherwise orders.

Adopted effective November 15, 1995; amended May 2, 2001, effective June 1, 2001.