UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-10198-JLT

JOHN A. BALDI,
              Plaintiff,

v.

SUPREME JUDICIAL COURT for SUFFOLK
COUNTY (MAURA S. DOYLE, CLERK) and
MASSACHUSETTS BOARD of BAR
EXAMINERS (EDWARD J. BARSHAK,
CHAIRMAN),
              Defendants.

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PETITION FOR LACK OF SUBJECT-MATTER JURISDICTION

The petitioner, John A. Baldi ("Baldi"), is an applicant for admission to the bar of the Commonwealth of Massachusetts, whose character and fitness for the bar is currently being evaluated by the defendant Massachusetts Board of Bar Examiners ("Board") in accordance with state law and bar-admission rules. By his Petition for Declaratory Judgment/Demand for 3 Judge Panel, Baldi asks this Court to order the defendant, Supreme Judicial Court for the Suffolk County, to schedule a hearing on his bar application "forthwith"--notwithstanding the status of the Board's ongoing investigation--and to declare the Massachusetts bar-admission rules unconstitutional on a variety of theories. Because Baldi's claims do not fall within this Court's jurisdiction, his Petition should be dismissed for lack of subject-matter jurisdiction in accordance with Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3).

## STATUTORY AND REGULATORY FRAMEWORK

In Massachusetts, the duty of examining applicants for admission to the bar is vested in the Supreme Judicial Court or the Superior Court. M.G.L. c. 221, § 37. Applicants may petition either court for admission, then,

> Unless the court otherwise orders, the clerk of such court shall refer the petition to the board of bar examiners to ascertain [a petitioner's] acquirements and qualifications. If the board reports that the petitioner is of good moral character and sufficient acquirements and qualifications and recommends [the petitioner's] admission, [the petitioner] shall be admitted unless the court otherwise determines and thereafter may practice in all the courts of the commonwealth.

Id. Thus, by statute, the Board must report to the court on petitioners' qualifications as well as whether petitioners are of "good moral character." Id.; see also Supreme Judicial Court Rules 3:01 § 1.3 ("All petitions for admission shall be referred to the Board of Bar Examiners for a report as to the character, acquirements and qualifications of the applicant.") (copy attached); ; In the Matter of Prager, 422 Mass. 86, 91, 661 N.E.2d 84, 89 (1996) (Board forwards its recommendation to court, which "retains ultimate authority to decide a person's fitness to practice law in the Commonwealth").

## FACTS[1]

Baldi is a law-school graduate who has passed the July 2003 Massachusetts bar examination. Petition for Declaratory Judgment/Demand for 3-Judge Panel ("Petition") ¶ 7. His

---

[1]This Court may consider material outside the Complaint without converting this motion to dismiss into one for summary judgment, because the motion is filed under Rule 12(b)(1) for want of subject-matter jurisdiction, rather than under Rule 12(b)(6). See Land v. Dollar, 330 U.S. 731, 734 & n.4 (1947); Watros v. Greater Lynn Mental Health and Retardation Ass'n, Inc., 421 Mass. 106, 109, 653 N.E.2d 589, 591 (1995).

2

application for admission was forwarded to the Board in accordance with M.G.L. c. 221, § 37, and SJC Rule 3:01 § 1.3. Id. Due to the content of Baldi's application for admission--which detailed his involvement in many civil and criminal matters in New Hampshire and Massachusetts--the Board scheduled a personal interview with him, which occurred on November 18, 2003. Affidavit of Edward J. Barshak ("Barshak Aff.") at ¶¶ 2-4, Exs. A and B. At this meeting, Baldi was informed that the Board would be retaining the services of an attorney to investigate the matters detailed in his bar applications. Barshak Aff. ¶ 4.

The Board thereafter secured the services of a pro bono attorney to investigate Baldi and Baldi was so informed. Affidavit of John Wall ("Wall Aff.") ¶¶ 2, 3(a). The investigating attorney, John Wall ("Wall"), contacted Baldi to schedule an interview and to request documents pertaining to the matters detailed in Baldi's bar applications. Id. ¶ 3(a); Ex. A. Baldi met with Wall and supplied some but not all of the requested materials. Wall Aff. ¶ 3(b), (c).

Since late December, 2003, Wall has exchanged numerous letters with Baldi seeking information concerning the matters reported in Baldi's bar application, as well as additional information concerning matters raised by Baldi during Wall's investigation. Id. ¶ 3(a)-(d); Exs. A, B, C, D, E, F, G, H, and I. Baldi's delay in providing the requested documentation has slowed Wall's investigation. Id. ¶ 3(e). On February 1, 2004, Baldi informed Wall that he would no longer cooperate with the investigation. Id. ¶ 3(e); Ex. J. Wall is continuing to seek and obtain information from attorneys involved in litigation with Baldi in New Hampshire as well as character references offered by Baldi. Id. ¶ 3(f), (g); Exs. K, L, and M.

Upon completion of his investigation, Wall plans to make a written report to the Board. Wall Aff. ¶ 4. If Wall's report satisfies the Board that Baldi is of the requisite good character for

admission to the Massachusetts bar, his application will be forwarded to the defendant, Supreme Judicial Court for Suffolk County, with a recommendation that Baldi be admitted. Barshak Aff. ¶ 6; M.G.L. c. 221, § 37. If Wall's report does not satisfy the Board that Baldi is of the requisite good character for admission to the Massachusetts bar, the Board will hold a hearing in which Baldi will be permitted to participate, present evidence, and cross-examine. Barshak Aff. ¶ 6; Corliss v. Board of Bar Examiners, 437 Mass. 1023, 1024, 773 N.E.2d 944, 946 (2002) (Board held formal hearing on application for admission following investigation); Prager, 422 Mass. at 91, 661 N.E.2d at 88-89 (same); In the Matter of an Application for Admission to the Bar of the Commonwealth, 378 Mass. 795, 795, 392 N.E.2d 533, 534 (1979) (same). Regardless of the Board's recommendation, Baldi's petition for admission to the bar will ultimately be decided de novo by the Supreme Judicial Court. See M.G.L. c. 221, § 37; Corliss, 437 Mass. at 1024; 773 N.E.2d at 945 (judicial review of Board's recommendation on bar admission is de novo).

PRIOR PROCEEDINGS

In December, 2003, Baldi sought the intervention of the defendant, Supreme Judicial Court for Suffolk County, to hold an immediate hearing on his application for admission to the bar and to make certain orders to the Board. Barshak Aff. ¶ 7; Ex. D. Based on papers filed by Baldi and the Board, the Supreme Judicial Court for Suffolk County (Greaney, J.) denied Baldi's motion without prejudice. Barshak Aff. ¶ 9; Ex. F; Ex. 3 to Petitioners Motion for Immediate Temporary, Injunctive Relief. Baldi did not seek review of the denial of his motion in the Supreme Judicial Court for the Commonwealth, but rather filed notice of his intention to seek injunctive relief in this Court. Barshak Aff. ¶ 9; Ex. G.

4

## ARGUMENT

## BALDI'S PETITION SHOULD BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION.

A.  This Court Does Not Have Jurisdiction to Review the State Court's Denial of Baldi's Motion for an Immediate Hearing on his Bar Application.

Under the Rooker-Feldman doctrine, "lower federal courts possess no power whatever to sit in direct review of state court decisions." Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs, 398 U.S. 281, 296 (1970); see Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This Court may not entertain "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see also Lancellotti v. Fay, 909 F.2d 15, 17 (1st Cir. 1990).

Baldi asks this Court to sit in review of an order of the Supreme Judicial Court for Suffolk County. Petition ¶¶ 13, 20, 28. He sought a hearing on his bar-admission application in that court, as well as to have the court make certain orders to the Board. Barshak Aff. ¶ 7, Ex. D. The court denied Baldi's motion without prejudice and he did not seek further review from the Supreme Judicial Court for the Commonwealth. Barshak Aff. ¶ 9, Exs. F, G; see Supreme Judicial Court Rules § 2.21 (copy attached). He now seeks to have this Court order the Supreme Judicial Court for Suffolk County to hold the hearing on his bar-admission application that it has already declined to hold. Petition ¶ 28 (requesting this Court to "[i]ssue and [sic] order instructing the Supreme Judicial Court for Suffolk County to schedule a hearing forthwith, granting Mr. Baldi his Constitutional right to procedural due process, by informing him as to whether or not he will be admitted to the Bar, and if he is not to be admitted, the Court must first

inform the Petitioner as to the reasons the Court may not admit him and present him with the opportunity to address the concerns of the Court prior to a final judgment on his application."). Because this Court may not review the earlier denial of Baldi's motion by the Supreme Judicial Court for Suffolk County, his Petition should be dismissed. See Feldman, 460 U.S. at 483.[2]

Like this case, Feldman was pursued by two dissatisfied applicants for admission to the District of Columbia bar whose petitions for admission had been denied by the District's highest court. 460 U.S. at 481. The applicants filed complaints in the United States District Court for the District of Columbia, both of which were dismissed by that Court for lack of subject-matter jurisdiction. Id. at 468, 470, 472-73. The dismissals were affirmed by the Supreme Court, holding that federal-court review of state-court final judgments in judicial proceedings (there, the denial of bar-admission petitions) is confined to the Supreme Court. Id. at 482-83. Intermediate federal courts lack subject-matter jurisdiction to review such judgments. Id.[3]

While the federal courts do on occasion adjudicate bar-admission matters, the courts of this Circuit have done so only to the extent that particular state bar-admission rules have been generally challenged as violative of provisions of the United States Constitution. See, e.g., Piper v. Supreme Court of New Hampshire, 723 F.2d 110 (1st Cir. 1983) (privileges and immunities clause); Lombardi v. Tauro, 470 F.2d 798 (1st Cir. 1972) (equal protection). They will not sit in

---

[2] To the extent the order of the Supreme Judicial Court for Suffolk County is not a final judgment, Baldi's claims are premature and should be dismissed for that reason. See Argument.B, infra.

[3] This Court would have jurisdiction to adjudicate a generalized challenge to the constitutionality of the Massachusetts bar-admission rules. See Feldman, 460 U.S. at 486. To the extent Baldi's Petition presents such a challenge, it has not yet ripened into a case or controversy over which this Court has jurisdiction and should be dismissed for that reason. See Argument.B, infra.

review of state-court admission denials and have taken care to avoid impinging on the special state interest in regulating the state bar. See Piper v. Supreme Court of New Hampshire, 723 F.2d 98, 106 (declining to decide pendent state-law claim), reversed on other grounds, 723 F.2d. 110 (1983); Lombardi, 470 F.2d at 800 (state regulation of the bar in the public interest); see also Feldman, 460 U.S. at 484 n.16 (discussing "strength of state interest in regulating the state bar"); Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 434 (1982) (to same effect). Rejecting Baldi's invitation to intervene in ongoing state proceedings in this area of particular state interest would serve this goal of comity and respect for the state courts. Therefore, this Court should dismiss Baldi's petition.[4]

    B.    **Even if Jurisdiction Were Otherwise Proper in this Court, the Petition is Unripe and Therefore Does Not Present a Justiciable Case or Controversy.**

Because Baldi's claim is unripe for adjudication, it does not present the "case or controversy" necessary to invoke this Court's jurisdiction under Article III of the Constitution.

---

[4] Along this line, abstention in accordance with Younger v. Harris, 401 U.S. 37 (1971), and its progeny would be appropriate if the Board proceeding were "judicial in nature." See Bettencourt v. Board of Regis. in Medicine, 904 F.2d 772, 777 (1st Cir. 1990) (federal courts will defer to ongoing state administrative proceedings that are judicial in nature, implicate important state interests, and provide an adequate opportunity to raise federal constitutional challenges). Due to the other ample grounds for dismissal recited herein, the Court need not decide whether the Board proceeding is judicial in nature. Moreover, even if the Board's current investigation is not judicial in nature, if this matter proceeds to a Board hearing or to judicial review in the Supreme Judicial Court, see Barshak Aff. ¶ 6, Corliss, 437 Mass. at 1024; 773 N.E.2d at 945, such proceedings would be judicial in nature, making abstention appropriate. See Ohio Civil Rights Comm'n v. Dayton Schools, 477 U.S. 619, 627 (1986); see also Middlesex County Ethics Comm., 457 U.S. at 435 (bar-discipline proceedings are "judicial in nature" for purposes of Younger abstention); Brotherhood of Lo. Eng. v. Massachusetts Comm'n Against Discrimination, 695 F.Supp. 1321, 1322 (D.Mass. 1988) ("A 'judicial inquiry' is one in which 'the court is called upon to investigate, declare and enforce 'liabilities as they stand on present or past facts and under laws supposed already to exist.'") (citations omitted). If, on the other hand, Baldi's application is reported on favorably and he is admitted to the bar without a Board hearing or judicial review, then his claims will be non-justiciable for mootness.

See McInnis-Misenor v. Maine Medical Center, 319 F.3d 63, 70 (1st Cir. 2003). The ripeness requirement helps keep federal courts from "entangling themselves in abstract disagreements," id. at 70 (internal quotation omitted), thus issuing advisory opinions. Id. at 71. Federal courts will not decide claims of "conjectural," "hypothetical," or "speculative" injury. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In order to be justiciable, Baldi's Petition would have to present "a substantial controversy, between parties having adverse legal interests, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." McInnis-Misenor, 319 F.2d at 70. It does not.

The facts alleged in Baldi's Petition for Declaratory Judgment/Demand for 3 Judge Panel coupled with the affidavits of Edward J. Barshak and John Wall establish that the Board is still conducting its investigation. The results of that investigation may favor Baldi's application. Even if they do not, Baldi will have the opportunity to present evidence to the Board in support of his application, to be represented by counsel, to cross-examine witnesses, and to seek de novo review of his application in the Supreme Judicial Court. See Corliss, 437 Mass. at 1024; 773 N.E.2d at 945; In the Matter of An Application, 378 Mass. at 795, 392 N.E.2d at 533. At any of these stages, Baldi's application may be reported on favorably, clearing the way for his admission to the bar. Thus, injury to Baldi's interests may never arise. See McInnis-Misenor, 319 F.3d at 73 (claim not ripe for adjudication if it depends on future events that may not occur).

The fact that the Board's character investigation is taking longer than Baldi would like does not establish jurisdiction in this Court. It is the duty of the Board to investigate thoroughly bar applications that suggest past possible criminal conduct or possible misuse of judicial processes. See Corliss, 437 Mass. at 1024, 773 N.E.2d 946 (criminal history); Prager, 422 Mass.

8

at 91, 661 N.E.2d at 89 (same); In the Matter of an Application, 378 Mass. at 795, 392 N.E.2d at 534 (misuse of judicial processes). Baldi's extensive involvement in civil litigation and his arrest history--as reported by him on his bar application--as well as his failure to fully cooperate with the Board's investigation necessarily contribute to a more lengthy process. See Wall Aff. ¶ 3(e); Exs. A and B. Baldi's failure to cooperate with the investigation--thereby lengthening it--is within his own control and, therefore, militates against a finding that he has present standing to bring this case. See Lujan, 504 U.S. at 565 n.2.

## CONCLUSION

For the reasons stated above, this Court should dismiss Baldi's Petition for Declaratory Judgment/Demand for 3 Judge Panel for lack of subject-matter jurisdiction in accordance with Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(h)(3).

        Respectfully submitted,

        SUPREME JUDICIAL COURT for SUFFOLK COUNTY (MAURA S. DOYLE, CLERK) and MASSACHUSETTS BOARD of BAR EXAMINERS (EDWARD J. BARSHAK, CHAIRMAN),
        Defendants.

        By their attorney,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        _/s/ Juliana deHaan Rice_
        Juliana deHaan Rice, B.B.O. No. 564918
        Assistant Attorney General
        Office of the Attorney General
        One Ashburton Place, Room 2019
        Boston, MA 02108-1698
        (617) 727-2200, ext. 2062
        facsimile (617) 727-5785

Dated: March 25, 2004



CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party (by mail by hand) on 3/25/04.

# CHAPTER THREE. ETHICAL REQUIREMENTS AND RULES CONCERNING THE PRACTICE OF LAW

## RULE 3:01 ATTORNEYS

Section 1. Applications for Admission.

1.1 *Petitions.* Persons desiring admission to the bar of the Commonwealth shall apply by filing a petition for admission with the Clerk of the Supreme Judicial Court for the county of Suffolk.

1.2 *Recommendations.* Each petition shall be accompanied by the recommendation of a member of the bar of this Commonwealth or of any state, district or territory of the United States.

1.3 *Referral to Board of Bar Examiners.* All petitions for admission shall be referred to the Board of Bar Examiners for a report as to the character, acquirements and qualifications of the applicant.

Amended effective October 2, 1995.

---

### SUPREME JUDICIAL COURT RULES

## RULE 2:21 APPEAL FROM SINGLE JUSTICE DENIAL OF RELIEF ON INTERLOCUTORY RULING

(Applicable to civil and criminal cases.)

(1) When a single justice denies relief from a challenged interlocutory ruling in the trial court and does not report the denial of relief to the full court, the party denied relief may appeal the single justice's ruling to the full court. Unless the court otherwise orders, the notice of appeal shall be filed with the Clerk of the Supreme Judicial Court for Suffolk County within seven days of the entry of the judgment appealed from. Unless the single justice or the full court orders otherwise, neither the trial nor the interlocutory ruling in the trial court shall be stayed.

(2) The appeal shall be presented to the full court on the papers filed in the single justice session, including any memorandum of decision. Nine copies of the record appendix must be filed in the Office of the Clerk for the Supreme Judicial Court for the Commonwealth within fourteen days after the date on which the appeal is docketed in the full Supreme Judicial Court. The record appendix shall be accompanied by eight copies of a memorandum of not more than ten pages, double-spaced, in which the appellant must set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means. No response from the prevailing party shall be filed, unless requested by the court.

(3) This rule shall not apply to interlocutory appeals governed by Rule 15 of the Massachusetts Rules of Criminal Procedure.

(4) The full court will consider the appeal on the papers submitted pursuant to this rule, unless it otherwise orders.

Adopted effective November 15, 1995; amended May 2, 2001, effective June 1, 2001.