UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-10198-JLT

JOHN A. BALDI,
        Plaintiff,

v.

SUPREME JUDICIAL COURT for SUFFOLK COUNTY (MAURA S. DOYLE, CLERK) and MASSACHUSETTS BOARD of BAR EXAMINERS (EDWARD J. BARSHAK, CHAIRMAN),
        Defendants.

### AFFIDAVIT OF EDWARD J. BARSHAK

The undersigned hereby deposes and says:

1. I am an attorney and member in good standing of the bar of the Commonwealth of Massachusetts, under registration no. 032040. I am a partner in the Boston firm of Sugarman, Rogers, Barshak, and Cohen, P.C., and Chairman of the Massachusetts Board of Bar Examiners, a position I have held since September 2000.

2. John A. Baldi applied for admission to the Massachusetts bar in February and July, 2003. True and accurate copies of Mr. Baldi's February 2003 First Time Application for Admission to the Bar of the Commonwealth and his July 2003 Reapplication for Admission to the Bar of the Commonwealth are attached as Exhibits A and B, respectively. In these applications, Mr. Baldi reported several civil and criminal matters in New Hampshire and Massachusetts in which he has been involved.

3. Mr. Baldi had passed the July 2003 bar examination and was so notified in November, 2003. Based on the information contained in his bar applications, the Board of Bar Examiners requested that Mr. Baldi appear for an interview concerning that information. A true and accurate copy of my November 3, 2003, letter to Mr. Baldi scheduling this interview for November 18 is attached as Exhibit C.

4. On November 18, 2003, I and two other Board members met with Mr. Baldi for the scheduled interview. During that interview, I informed Mr. Baldi

that the Board would be obtaining the services of an attorney to conduct an investigation into Mr. Baldi's character.

5. On or about December 10, 2003, I was able to secure the *pro bono* services of Attorney John Wall to perform this investigation.

6. In accordance with its usual practice and Supreme Judicial Court Rule 3:01, §§ 1.3, 4.2, the Board will review the report of Attorney Wall concerning Mr. Baldi's character and fitness for the bar. If the Board is satisfied that Mr. Baldi is of appropriate character for admission to the bar, it will forward his application to the Supreme Judicial Court with a recommendation that he be admitted. If Attorney Wall's report does not satisfy the Board that Mr. Baldi is of appropriate character for admission to the bar, the Board will hold an adjudicatory hearing on Mr. Baldi's application, in which he will be able to participate and present evidence in support of his application and will have the right to be represented by counsel. As of this date, the Board has not yet received the investigative report of Attorney Wall.

7. On or about December 12, 2003, the Board of Bar Examiners received Mr. Baldi's Petitioners Motion to Compel Disclosure, Allow Discovery, and for the Chief Justice to Schedule a Hearing, on the Matter of the Petitioners Admittance to the Massachusetts Bar, filed in the Supreme Judicial Court for Suffolk County, dated December 11, 2003, a true and accurate copy of which is attached as Exhibit D.

8. On or about December 15, 2003, on behalf of the Board of Bar Examiners, I filed Respondent's Opposition to Petitioner's Motion to Compel Disclosure and for Further Proceedings, a true and accurate copy of which is attached as Exhibit E.

9. On or about January 8, 2004, the Board of Bar Examiners received the January 7, 2004, Memorandum and Order of the Supreme Judicial Court for Suffolk County (Greaney, J.) denying without prejudice Mr. Baldi's Motion to Compel Disclosure, Allow Discovery, and for the Chief Justice to Schedule a Hearing, on the Matter of the Petitioners Admittance to the Massachusetts Bar. A true and accurate copy of the Memorandum and Order is attached as Exhibit F. A true and accurate copy of the docket of the Supreme Judicial Court for Suffolk County in this matter is attached as Exhibit G.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS THE 23RD DAY OF MARCH, 2004.

*Edward J Borchk*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. 04-CV-10198-JLT

JOHN A. BALDI,
                Plaintiff,

v.

SUPREME JUDICIAL COURT for SUFFOLK COUNTY (MAURA S. DOYLE, CLERK) and MASSACHUSETTS BOARD of BAR EXAMINERS (EDWARD J. BARSHAK, CHAIRMAN),
                Defendants.

## AFFIDAVIT OF EDWARD J. BARSHAK

The undersigned hereby deposes and says:

    1.    I am an attorney and member in good standing of the bar of the Commonwealth of Massachusetts, under registration no. 032040. I am a partner in the Boston firm of Sugarman, Rogers, Barshak, and Cohen, P.C., and Chairman of the Massachusetts Board of Bar Examiners, a position I have held since September 2000.

    2.    John A. Baldi applied for admission to the Massachusetts bar in February and July, 2003. True and accurate copies of Mr. Baldi's February 2003 First Time Application for Admission to the Bar of the Commonwealth and his July 2003 Reapplication for Admission to the Bar of the Commonwealth are attached as Exhibits A and B, respectively. In these applications, Mr. Baldi reported several civil and criminal matters in New Hampshire and Massachusetts in which he has been involved.

    3.    Mr. Baldi had passed the July 2003 bar examination and was so notified in November, 2003. Based on the information contained in his bar applications, the Board of Bar Examiners requested that Mr. Baldi appear for an interview concerning that information. A true and accurate copy of my November 3, 2003, letter to Mr. Baldi scheduling this interview for November 18 is attached as Exhibit C.

    4.    On November 18, 2003, I and two other Board members met with Mr. Baldi for the scheduled interview. During that interview, I informed Mr. Baldi