UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
John A. Baldi,              )
                            )
                            )
                Petitioner  )
v.                          )      Civil No. 04-10198-JLT
                            )
                            )
Supreme Judicial Court For Suffolk County  )
(Maura S. Doyle, Clerk) and                )
Massachusetts Board Of Bar Examiners       )
(Edward J. Barshak, Chairman)              )
                            )
                Respondents )
                            )
```

## PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTION TO "DEFENDANTS' MOTION TO DISMISS PETITION FOR LACK OF SUBJECT-MATTER JURISDICTION

### I. Standard of Review

The Declaratory Judgment Act requires an actual controversy between the parties before a federal court may exercise jurisdiction. (See, United States Constitution, Article 3 § 1, and 28 U.S.C. § 2201(a).

### I. The Law

Jurisdiction is conferred on the district courts by 28 U.S.C. § 1331:

> "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

and is also conferred by 28 U.S.C. § 1343:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
>
> (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42

1

> (3) To redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.
>
> (4) To recover damages or to secure equitable or other relief under any act of Congress providing for the protection of civil rights, including the right to vote.

Title 42, U.S.C. § 1983 is the Act of Congress that gives, "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction therof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Chapter 151 of Title 28 U.S.C. addresses declaratory judgments § 2201 creates a remedy, authorizing the district courts to:

> (a) In a case of actual controversy within its jurisdiction, except with respect to federal taxes other than actions brought under 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of Title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free area country as defined by the administering authority, any court of the United States, upon filing an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Further relief may be granted pursuant to 28 U.S.C. § 2202;

> Further relief necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing against any adverse party whose rights have been determined by such judgment.

v. Board Of Bar Examiners Of The State Of New Mexico, 353 U.S. 232, 248 (1) and who more

The 5th & 14th Amendments mandate due process of law before any person can be deprived of their life, liberty or property.

In keeping with the precedent of the Supreme Court, the 1st Circuit Court of Appeals has held that "rights that merit due process protection under the Fourteenth Amendment may be either of two types. The first of these are those rights deemed fundamental or natural. *Medina v. Rudman*, 545 F.2d 244, 249 (1st Cir. 1976) (citing *Schware v. Board of Bar Examiners*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957))," Wayfield v. Town of Tisbury, 925 F.Supp. 880 (D.C.M. 1996), and "as concerns predeprivation relief, it would appear that mandamus may be available to compel an administrative board to conduct a hearing or take other action on an application within a reasonable time." Rumford Pharmacy v. City of East Providence, 970 F.2d. 996, 1000 (1st Cir. 1992).

## II. Application Of The Law To Present Case

In his petition, line s4 & 5, Mr. Baldi cited the applicable statutes re-cite above, that grant this Court Jurisdiction over the present matter. The petitioner's complaint also alleges the deprivation of a property right without procedural due process of law. In the present case the property right being denied is the right to practice law in the Commonwealth. "A state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment. *Dent v. State of West Virginia*, 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623." Schware v. Board Of Bar Examiners Of The State Of New Mexico, 353 U.S. 232, 238-39, and "the mere fact that a man has been arrested has very little, if any, probative value in showing that he has engaged in any misconduct". Id at 241.

In the present case the Bar Examiners have had the petitioners application for admittance

for in excess of one year, and did not begin any investigation of the petitioner until all the other applicants had already been sworn in. "It is elementary that due process within administrative procedures requires the opportunity to be heard, at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, supra, 397 U.S. at 267, 90 S.Ct. At 1020, Raper v. Lucey, 488 F.2d 748, 753 (1st Cir. 1973), and "Reasons for governmental action affecting important individual rights must be timely proffered in order to satisfy due process." Id at 753.

### III. Conclusion

It is plainly shown that Mr. Baldi's Constitutional right to procedural due process and the equal protection of the law have been violated and Constitutional violations are considered irreparable harms. Title 28 U.S.C. § 2201 authorizes the Court to grant the injunctive relief sought in that situation. The respondents motion to dismiss for lack of subject-matter jurisdiction is without merit and should be denied.

Dated: March 29, 2004

Respectfully submitted,

John A. Baldi, Pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

### CERTIFICATION OF SERVICE

I certify that a copy of the foregoing document was mailed to Juliana deHaan Rice on this the 29 day of March, 2004.