UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>                Petitioner<br>v.<br><br>Supreme Judicial Court For Suffolk County<br>(Maura S. Doyle, Clerk) and<br>Massachusetts Board Of Bar Examiners<br>(Edward J. Barshak, Chairman)<br><br>                Respondents | Civil No.  04-10198-JLT |

## PETITIONERS RESPONSE TO "DEFENDANTS' OPPOSITION TO PETITIONERS MOTION FOR IMMEDIATE TEMPORARY INJUNCTIVE RELIEF"

The respondents' have objected to the petitioner's motion for immediate temporary injunctive relief, and the Mr. Baldi responds to their opposition with the following:

1.    Counsel for the respondents' has filed with the Court an objection that is devoid of line numbers making it difficult for the petitioner to identify for the Court the exact location of her incorrect allegations and representation of the facts and the law.

2.    Contrary to the respondents' allegations on page one of their opposition: (1) The Court does have jurisdiction over the present matter and that jurisdiction is defined by the petitioner in his "Petition For Declaratory Judgment" on page 2, line 5; (2) The petitioner should succeed on the merits of his claims because he has demonstrated immediate irreparable harm in accordance with the precedence set forth by the Supreme Court and the First Circuit Court of Appeals, as show on pages 1 & 2 of his memorandum of law in support of his motion (See, *DeNovellis v. Shalala*, 135 F.3d 58, at 71-72 (1st Cir. 1998)); (3) The injunctive relief requested

1

by the petitioner would not be detrimental to the interests of the citizens of Massachusetts. Mr. Baldi has provided counsel for the respondents with exerts from the transcript of a hearing before United States Magistrate Judge Muirhead, before whom the petitioner has appeared three times, and on each occasion the Judge has complimented Mr. Baldi on his preparation and thoroughness.

3. Contrary to what is alleged by the respondents' on page 2 & 3 of their opposition, they have had the petitioners application for admittance to the Bar since December 16, 2002 (See, respondents exhibit A), and failed to conduct their investigation, or look for someone to investigate until after the petitioner sought to have the Supreme Court For Suffolk County intervene and provide the procedural due process mandated by the United States Constitution.

4. On the night of July 8, there was an attempt to murder the petitioner by running him over with a pick-up truck while Mr. Baldi was walking in one of his fields. The driver of the truck came off a gravel road and drove 308 yards across the field a a high rate of speed to strike the petitioner, and the attempt was video taped. Mr. Wall declined to view the video tape when the petitioner brought it to his office to show him. When Mr. Baldi sought to have criminal charges brought against the driver of the truck the police falsely arrested him on the charge of making a false report to law enforcement, ever though they had a copy of the video tape. After the prosecutor presented all his witnesses he asked the court to dismiss the charge and stated that it was obvious that all his witnesses were untruthful (they were police officers). The reason Mr. Baldi was arrested was to protect the driver of the truck and the people who incited him to commit the act. Mr. Baldi Provided Mr. Wall with a complete transcript of the trial. Mr. Wall however, wanted the petitioner to supply him with copies of the 20 boxes of documents

2

generated by the special committee to investigate Judge Fairbanks convened by the New Hampshire legislature and the 25 boxes of documents generated by the Boston office of the FBI.

Judge Fairbanks was a pedofile who would rape juvenile offenders in chambers in exchange for a finding of not guilty. On two occasions the rapes took place in the presents of a state police officer. In addition, Judge Fairbanks was practicing probate law while being a full time judge. He would dispose of the assets of an estate and keep the proceeds rather than give it to the heirs. The committee documented millions of dollars stolen by the judge in this manor. Furthermore, the judge would sell not guilty findings to adult offenders, the fee in the case of rape was $500 dollars. In his diary Fairbanks documented everything, including the bribes in the form of gifts received by various state officials. Fairbanks was related to the individual known to Chairman Barshak, and it is that individual who was facilitating all of the bribes. From 1978 until 1990 the law enforcement and political establishment in the state of New Hampshire concealed the actions of Judge Fairbanks and refused to prosecute him when complaints were filed. Fairbanks was killed in Nevada when a plastic bag was pulled over his head and knotted from behind. The Boston office of the FBI has all the information on the bribes and other illegal activities, but did nothing because federal officials were also involved. Mr. Baldi has been exposing the coverup and it is his allegation that Chairman Barshak is holding up his application to the Bar in order to assist his friend from being further exposed.

5.      Contrary to the respondents allegation, the matter is ripe for adjudication. When the Supreme Judicial Court For Suffolk County denied Mr. Baldi's request for a hearing on his admittance to the Bar, they not only denied procedural due process, but also identified that there is no remedy or means to acquire the Constitutionally mandated right to due process.