UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>                Petitioner<br>v.<br><br>Supreme Judicial Court For Suffolk County,<br>(Maura S. Doyle, Clerk) and<br>Massachusetts Board of Bar Examiners<br>(Edward J. Barshak, Chairman)<br><br>                Respondents | Civil No. 04-10198-JLT |

## PETITIONERS OBJECTION TO RESPONDENTS MOTION FOR AN ADDITIONAL EIGHT DAYS TO ACT ON PETITIONERS APPLICATION FOR ADMISSION TO THE MASSACHUSETTS BAR

The respondents have motioned the Court for an enlargement of eight days, to the Court's order dated March 30, 2004. The petitioner objects and supports his objection with the following:

1. In her introductory paragraph, counsel for the respondents states that the March 30th hearing the Court invited the Board to seek more time if necessary. The Court's order does not state this and to the best of the petitioners memory, the Court made it clear during the hearing of March 30th that it wanted the process completed by the 29th of April.

2. To date, the respondents have not complied with the time schedules imposed by the Fed. R. Civ. P. and they now seek additional time to comply with the Court's order.

3. Every extension or enlargement granted to the respondents by the Court irreparably damages the petitioner as both respondents are cloaked with either judicial or quasi judicial immunity.

4. During the hearing of March 30, 2004, counsel for the respondents told the Court that the Board was having Mr. Wall investigate the criminal charges that had been filed against the petitioner in New Hampshire. That is not true. Mr. Wall is also investigating all of the civil actions in which the petitioner was a party and has contacted all of the attorneys involved in those cases. The Court should also note that Mr. Wall provided with the criminal trial transcripts on January 9, 2004.

5. The petitioners wife is inflicted with Multiple Sclerosis, a disease who's flare up's can be triggered by emotional stress. The failure of the respondents to grant the petitioner his Constitutional right to "Procedural Due Process" is causing extreme duress to his wife.

6. One thousand five hundred and eleven applicants (1,511) passed the July 2003 Massachusetts Bar exam. With the exception of those who had not yet passed the Multi-State Professional Responsibility Exam, all but the petitioner, had their applications forwarded to the Supreme Court to be ruled on in time for admittance the week of December 9, 2003.

7. The Board of Bar Examiners did not even begin to investigate the petitioner until after all the successful applicants had been admitted.

8. This is the first time that the Board of Bar Examiners has not presented the application of a candidate who has passed the Bar Exam to the Supreme Court for a ruling prior to the swear in date for that exam class.

9. It is blatantly obvious that the Board of Bar Examiners is willing to go to any extreme to prevent the petitioner from gaining admittance to the Massachusetts Bar.

10. At some point in time the denial of "Procedural Due Process" by the board of bar examiners becomes a violation of 18 U.S.C. § 241 "Conspiracy against rights, and the petitioner

2

contends that time has long since passed and has progressed into a cruel and unusual punishment without being convicted of any crime or violation.

11. Counsel for the respondents has refused to provide the petitioner with copies of documents sent to them in response to their enquires about the petitioner. Thus, even if he were granted a hearing he would not know what it is that he must defend against.

12. Counsel for the respondents did not seek concurrence on her motion from the petitioner.

13. New Hampshire Assistant Attorney General Michael Walls instructed New Hampshire State police officer Ralston to investigate the petitioner and to find something that he could be arrested for. Officer Ralston reported that he could find nothing to arrest the petitioner for, and told one of the police officers questioned about Mr. Baldi (Michael Rose) that everyone he questions about the petitioner has nothing but good things to say about him.

14. When he learned of officer Ralston's investigation, the petitioner complained about the matter to representative Paul Mirski of Enfield, N.H.. Mr. Mirski and another representative went to the New Hampshire Department of Public Safety and investigated as to whether or not Mr. Baldi was targeted by the State for incarceration even though he had committed no crimes. They found this to be true and reported the matter to the State Ethics Commission which failed to take any action.

15. Jack Middleton, former secretary of the American Bar Association, also an associate of the chairman of the Massachusetts Board of Bar Examiners Edward Barshak, is the attorney for the Blue Mountain Forest Association and one of the individuals whois facilitating the bribes on behalf of the association and has been doing so for decades. Mr. Middleton has

been immune from prosecution because he is legal counsel for most of the N.H. Supreme Court Justices and many of the lower court judges. Many of whom are either recipients of the bribes, or actively involved in concealing the occurrence of them.

16. Jack Middleton is associated with the late Judge Fairbanks by the marriage of their children and the giving of Blue Mountain bribes. Judge Fairbanks is the individual who from 178 to 1990 would probate the estates of the deceased for their heirs and then keep the proceeds rather than give it to the beneficiaries. The state of New Hampshire documented several million dollars that he stole this way but would not prosecute because he was a state official. In addition, Judge Fairbanks was a pedofile who would regularly barter not guilty findings to juvenile offenders in exchange for sexual favors in his chambers. On at least two (2) occasions the sexual acts took place in front of N.H. State police officers having custody of the juvenile offender. Furthermore, Judge Fairbanks was selling not guilty findings to adults, in the case of rape, the fee was $500. The Justice department in N.H. knew of this and did nothing as did the U.S. Justice department in N.H.. In 1990, one of the beneficiaries who was deprived by Fairbanks brought the matter to the FBI in Boston and that is when the State of New Hampshire decided to act. Fairbanks was warned that police were on the way to the Newport District Court to arrest him and he fled to Quebec. He stayed in Quebec from 1990- 1994, returning to his N.H. home to visit with his family and friends despite the warrant for arrest. On these visits, he would often go out to diner with the very same people who were supposedly looking to arrest him.

In 1994, an informant told law enforcement officials where Fairbanks was and he fled to Nevada where he was found dead with a plastic bag over his head. The medical examiner who conducted the autopsy on Fairbanks called it a homicide, but when the N.H. Director of Public

4

Safety sent 3 state police officers there to talk with her about the matter they convinced her to call is a suicide and the body was then immediately cremated.

17. The attorney representing Judge Fairbanks was Paul Barbadoro, who was appointed to the United States District Court for the District of New Hampshire right after the death of Fairbanks. Judge Barbadoro's appointment to the bench was secured by Senator Rudman, a recipient of Blue Mountain gratuities.

18. United States Appellate Court Judge for the First Circuit, Jeff Howard, was an Assistant Attorney General for the State of N.H. during the Fairbanks crime spree as well as Attorney General and United States Attorney for the District of New Hampshire. Mr. Howard was fully aware of what Fairbanks was doing and fully aware of the bribes being distributed by Blue Mountain. Former N.H. Attorney General John Arnold, and the former head of the criminal division of the N.H. Attorney Generals office, Katherine McGuire, were both appointed N.H. Superior Court Judge by then Governor, now U.S. Senator Gregg, for their role in concealing the Fairbanks fiasco. Mr. Gregg was fully aware of Fairbanks activities while he was Attorney General and while he was governor. When the N.H. Legislature convened a special committee to investigate the Fairbanks matter they were so appalled at the number of elected and appointed public officials involved that they decided not to expose the situation to the people or the public would lose faith in the government.

There are twenty boxes of documents generated by the special committee, including the diary of Judge Fairbanks, in the N.H. archives building confirming what is stated above, as well as twenty five boxes of documents generated by the Boston office of the FBI.. It is the Petitioners continued investigation into the crimes committed by Fairbanks and the other involved N.H.

5

officials that is causing the State of N.H. to go after the Petitioner.

19.  The Petitioner has done nothing wrong and deserves to have the Massachusetts Supreme Court rule on his application for admittance to the Bar without the prejudicial influences being exerted by Mr. Barshak and his corrupt friends in New Hampshire.

20.  The petitioner has deposed the treasurer of Blue Mountain, Patrick Oliver, and the former head of law enforcement for the New Hampshire Fish & Game department, Ronald Alie (he took the bribes) and those depositions confirm the bribes in the form of gifts and name some of the recipients, including the former governor of the Commonwealth of Massachusetts, William Weld.

WHEREFORE, the petitioner, John A. Baldi, requests that this most honorable Court:

A.  Deny the respondents motion for an eight day extension; and

B.  Rule on the petitioners petition for a declaratory judgment and find that the rules for admittance to the Massachusetts Bar are unconstitutional as they deny applicants "Procedural Due Process" at the whim of the Board of Bar Examiners; and

C.  If the Court finds that the rules for admittance are unconstitutional, award the petitioner his costs in the amount of his filing fee, to be paid by the Board of Bar Examiners; and

D.  Grant to the petitioner any other remedy that the Court deems just and proper.

Respectfully submitted,

Dated: April 26, 2004

*/s/ John A. Baldi*
John A. Baldi, Pro se
9 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

6

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing document and exhibit has been sent via United States Mail on this the 26th day of April, 2004, to Juliana deHaan Rice, counsel for the Respondents.

*/s/ J. A. Baldi*