UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi, )<br>)<br>              Petitioner )<br>v. )<br>)<br>Supreme Judicial Court For Suffolk County, )<br>(Maura S. Doyle, Clerk) and )<br>Massachusetts Board of Bar Examiners, )<br>(Edward J. Barshak, Chairman) )<br>)<br>              Respondents )<br>) | Civil No. 04-10198-JLT |

## PETITIONER'S OBJECTION TO RESPONDENTS RENEWAL OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

By letter to the Court from their counsel, the respondents are seeking to have the Court renew their Motion to Dismiss the complaint for lack of subject matter jurisdiction. The petitioner objects to the respondents request and supports his objection with the following facts:

1. On March 25, 2004, the respondents filed a motion to dismiss for lack of subject-matter jurisdiction and on March 30, 2004 the Court denied the respondents motion without prejudice.

2. On March 30, 2004, the Court exercised subject-matter jurisdiction when after a hearing on that same date, it issued that order. The parties to this action have complied with the order, and the respondents in particular have exhibited that the Court has in fact demonstrated subject-matter jurisdiction, with their motions for enlargements.

3. The federal constitutional questions which the Court was asked to decide in the petition have not yet been answered, and as stated in the petition, 28 U.S.C. § 1331 grants that

1

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

4. The petitioner still has not received Procedural Due Process. He as asked for discovery of the materials and or documents provided to Mr. Wall from parties other then himself and been denied that discovery, but the Board expects the petitioner to appear before it and defend, without first knowing what he is to defend against.

5. The report provided to the Board by Mr. Wall is not accurate and contains untruthful statements and allegations, many of which will be difficult or impossible to prove to the satisfaction of the Board without subpoenaing witnesses. The witnesses needed reside in the State of New Hampshire and are beyond the subpoena power of the Board, thus, the Court's involvement is necessary for it's inter-state subpoena powers.

6. Some of the witnesses that the petitioner would subpoena have committed perjury in both a New Hampshire State Court and the United States District Court for the District of New Hampshire.

7. That perjury was exposed when the petitioner questioned Ronald Brown on the witness stand in the United States District Court in Concord New Hampshire on December 10, 2003. In his testimony, Mr. Brown could not identify affidavits attributed to him. In addition, Mr. Brown could not identify his own signature on affidavits. When questioned further by the petitioner, Mr. Brown's counsel arose and stated to the Court that the document was executed outside of his office by Mr. Brown's wife. Furthermore, in this matter (03-319-JD) Mr. Brown partially answered interrogatories propounded to him by Mr. Baldi and his answers to those interrogatories were different from those of defendant Gregory Bowen in case number 01-C-491

2

(state court), where Brown as a co-defendant to Bowen refused to answer interrogatories.

8. In case number 01-C-491 Brown was proven to be a perjurer. He swore to the fact that he was incorporated, using the defense of corporate immunity to Mr. Baldi's suit, when in fact he was not and had not been incorporated since 1991.

9. Mr. Brown and his wife who has experience working for Mr. Brown's former counsel, Diane Puckhber, as both a secretary and para legal, will not testify as to the conspiracy in which they were involved unless there is some type of immunity guarantees, which neither the Board or the petitioner can grant. The District Court's involvement is necessary to facilitate the truthful testimony of the Brown's and Philip Dail, another individual who was solicited to provide the United States District Court in New Hampshire with an untruthful and evasive affidavit.

10. The bias of Mr. Wall's report is proven by the fact that he alleges Mr. Baldi's request for the return of the witness and travel fees paid to Mr. Barshak, when in fact Barshak did not attend the deposition for which he was paid the fee, shows bad character. Barshak's refusal to return that fee is a conversion constituting larceny pursuant to Massachusetts General Laws, Chapter 266 § 30 (See, Ex. # 1, attached, Mr. Baldi's letter dated May 11, 2004).

11. If the Court were to grant the respondents request to dismiss for lack of subject matter-jurisdiction, that act would prejudice this petitioner by depriving him of any assurances that the respondents would comply with his right to procedural due process, and it would also prejudice future applicants to the Massachusetts Bar because what was done to this petitioner is repeatable until the Court rules as to whether the rules for admission do or do not have sufficient safeguards to ensure an applicant of their Constitutional right to "Procedural Due Process."

WHEREFORE, the petitioner respectfully asks for this most Honorable Court to:

A.    Find that for the Court to grant the respondents motion to dismiss at the present time would allow for the possibility of a manifest injustice to the petitioner in the form of a violation of his Constitutional right to "Procedural Due Process" of his application to the Massachusetts Bar; and

B.    Find that by not granting the respondents motion, they are not prejudiced in any way so long as they comply with the Constitutional guarantees of "Procedural Due Process"; and

C.    Find that by retaining jurisdiction, the parties will have an opportunity to resolve the issues presently before the Court, on their own in a manor that accommodates the best interests of both parties, the public at large and judicial economy.

Dated: May 13, 2004

Respectfully submitted

*/s/ J. A. Baldi*

John A. Baldi, Pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

## CERTIFICATION OF SERVICE

I CERTIFY THAT ON THIS DATE, May 13, 2004 a copy of the foregoing document was mailed to Juliana deHaan Rice.

*/s/ J. A. Baldi*

**John A. Baldi**
**19 Ledge Street**
**Melrose, Ma. 02176**

May 11, 2004

Edward Barshak, Chairman
Massachusetts Board Of Bar Examiners
77 Franklin Street
Boston, Ma. 02110

Dear Mr. Barshak,

    I am in receipt of your letter dated May 10, 2004, and yes I do want a hearing before the Board as soon as possible. As Mr. Wall's report is amiss with inaccuracies and untruthful statements, he should be present at the meeting to defend what he has alleged in his report. In regards to summonses for witnesses, all of the individuals that would need to be summonsed live in New Hampshire, which is beyond the power of the board, except for one. That exception being the woman who is the Senior Assistant District Attorney for Middlesex County.

    Her presence will be required because Mr. Wall's report (Paragraph 32) makes reference to what he, yourself, and Juliana deHaan Rice refer to as the witness fee "CHECK" that you do not dispute was provided to you. However you and I both know that it was not a check, but a money order from Central Bank, and money orders are the same as cash (See,U.C.C.). Thus your failure to return the cash after I politely asked twice, was a criminal violation of Massachusetts General Laws, Chapter 266 § 30. When you refused to return the money I went to the the district attorney's office in Cambridge and spoke with the woman and she assured me that it was a criminal violation and that the office would prosecute the offense if I filed a complaint. However, she also told me that in all likely hood once the complaint was filed you would probably return the money and at that point they would drop the prosecution because the dollar value of the crime was not sufficient to warrant tying up the limited resources of the office. Her suggestion was that I pursue the matter with the Board of Bar Overseers.

    As you well know, at this point I have neither filed the criminal complaint with the court or contacted the Bar Overseers. You should also know that in my conversation with this most pleasant woman, I only gave her my name, and referenced the party failing to return the witness fee as a state official whom I did not want to name at the present time. However, since yourself and Mr. Wall have chosen to make an issue of it in this matter I think a summons to her is in order to defend myself from your criminal act.

    In my copy of this letter to the other members of the Board and Ms. Rice, I will be including a copy of the "PURCHASERS COPY" of the money order to assure them off the truth as to what I have stated. Also, I would suggest that you review Chapter 265 § 25, of the Massachusetts General Laws. I do believe that your letter threatening me if I did not withdraw my application for the federal subpoena places you in violation of that statute.

      I suspect that you represent yourself to be a fair individual and un-bias as to your decisions on applications to the Bar. Presuming that representation to be true, wouldn't it be most appropriate for an individual who has potentially committed two crimes against the individual over whom he is in a position to exercise a quasi judicial decision, to recuse himself from addressing that application? It seems to me that the Multi-State Rules Of Professional Conduct stressed that position.

                                                             Sincerely,

                                                             A. Baldi

cc.   Ms. Elaine Vietri
       Robert J. Muldoon, Jr., Esq.
       Anthony G. Massimiano, Esq.
       William Kennedy, III, Esq.
       Alice E. Richmond, Esq.

---

**PURCHASER'S COPY**              **NON NEGOTIABLE**

RETAIN THIS PURCHASER'S COPY. IT MUST BE INCLUDED WITH ALL REFUND REQUESTS. BE SURE TO READ IMPORTANT INFORMATION BELOW AND ON BACK.

453720203

CENTRAL BANK $ 89 dols 50 cts

Jan. 16, 2004
Edward Barshak    A. Baldi (witness fee + mikg~)

Issued by Integrated Payment Systems Inc., Englewood, Colorado
PURCHASE AGREEMENT: You, the purchaser, agree that Integrated Payment Systems Inc. need not stop payment on or replace or refund a lost or stolen Integrated Payment Systems Inc. Money Order unless (1) you fill in the face of the Money Order completely at the time of purchase, and (2) you report the loss or theft to Integrated Payment Systems Inc. in writing immediately.