UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>    Petitioner<br>v.<br><br>Supreme Judicial Court For Suffolk County,<br>(Maura S. Doyle, Clerk) and<br>Massachusetts Board Of Bar Examiners,<br>(Edward J. Barshak, Chairman),<br><br>    Respondents | Civil No. 04-C-10198 JLT |

### PETITIONER'S OBJECTION TO THE COURTS ORDER DATED MAY 17, 2004, GRANTING THE RESPONDENTS MOTION TO DISMISS FOR LACK OF JURISDICTION, AND THE PETITIONERS MOTION FOR THE COURT TO RECONSIDER

On May 17, 2004 the Court issued an order granting the respondents motion to dismiss for lack of jurisdiction. The petitioner objects to the order and motions the Court to reconsider it's order, offering the following facts and memorandum of law in support:

  1.  Lines 4 through 6 of the petition clearly define and state this Court's jurisdiction to hear and rule on the present matter.

  2.  The Courts order dismissing for lack of jurisdiction is without explanation as to why it lacks jurisdiction and where Mr. Baldi's petition is incorrect as to this Court having jurisdiction.

  3.  The petitioner is still being denied his Constitutional right to "Procedural Due Process." Granted, the Board of Bar Examiners has sent a letter stating that they will give the petitioner a hearing as he requested, but they still have not provided that hearing or even a date

1

for the hearing.

4.   The petitioner fully respects the awkwardness of the Court in the present matter, and agrees that it is ultimately the right of the states to decide who they admit to the Bar, but the federal courts have a duty imposed on them by the Constitution, to ensure all the applicants to state Bars, a fair and impartial hearing. This has not been done in the present case, and there is a real potential for the Board of Bar Examiners to repeat "Due Process Denial" if the Court dismisses the present matter prior to the petitioner being granted a hearing on his application for admittance to the Bar of the Commonwealth of Massachusetts.

5.   The petitioner would have no objection to the Court's dismissal of this matter subsequent to his being granted a hearing on his application for admittance to the Massachusetts Bar.

6.   By staying it's order of dismissal until after the petitioner is granted a hearing on his application for admittance, none of the parties are prejudiced or harmed, and a remedy to ensure that the Board of Bar Examiners does in fact provide the petitioner with a hearing is preserved.

7.   The petitioner is most appreciative of the attention given to this matter by the Court and he will not appeal it's decision, but he passionately pleads for it to reconsider when the order would become effective, as there is no procedural due process until after the petitioner is granted the promised hearing..

WHEREFORE, the petitioner moves for this Honorable Court to:

A.   Reconsider its order of May 17, 2004 dismissing the present matter for lack of jurisdiction; and

    B.    Stay the order referenced above until after the petitioner is granted a hearing on his admittance to the Massachusetts Bar.

Respectfully submitted,

Dated: May 21, 2004

*J. A. Baldi*

John A. Baldi, pro se
19 Ledge Street
Melrose, Ma. 02176
(781) 665-5011

## CERTIFICATION OF SERVICE

I certify that a copy of the foregoing was mailed to Juliana deHaan Rice by me on May 21, 2004.

*J. A. Baldi*

3