UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| John A. Baldi,<br><br>                Petitioner<br>v.<br><br>Supreme Judicial Court For Suffolk County,<br>(Maura S. Doyle, Clerk) and<br>Massachusetts Board Of Bar Examiners,<br>(Edward J. Barshak, Chairman),<br><br>                Respondents | Civil No. 04-C-10198 JLT |

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR THE COURT TO RECONSIDER IT'S ORDER DATED MAY 17, 2004**

I. The Law

The Supreme Court has held that "A state cannot exclude a person from the practice of law or from any other occupation in a manner or for reasons that contravene the Due Process or Equal Protection Clause of the Fourteenth Amendment." Schware v. Board Of Bar Examiners of The State Of New Mexico, 353 U.S. 232, 238-239, 77 S.Ct. 752, 756 (1957), and It is elementary that due process within administrative procedures requires the opportunity to be heard at a meaningful time and in a meaningful manner. *Goldberg v. Kelly,* 397 U.S. at 267, 90 S.Ct. At 1020.", Raper v. Lucey, 488 F.2d 748, 753 (1st Cir. 1973). Also held is that "Rights that merit due process protection under the Fourteenth Amendment may be either of two types. The first of these are those rights deemed fundamental or natural. *Medina v. Rudman,* 545 F.2d 244, 249 (1st Cir. 1976) (citing *Schware v. Board of Bar Examiners,* 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957)." Wayfield v. Town of Tisbury, 925 F.Supp. 880, 882 (D.Ma. 1996).

1

As to Jurisdiction for declaratory judgments, "The Act, paralleling Article III of the Constitution, requires an actual controversy between the parties before a federal court may exercise jurisdiction over an action for a declaratory judgment."EMC Corporation v. Norand Corporation, 89 F.3d 807, 810 (1st Cir. !996).

## II.  Application Of The Law To Present Case

In the present case the facts show that the petitioner asked for and was denied a hearing on his application to the Massachusetts Bar by both respondents. It was not until the petitioner sought relief in the federal court that the Board of Bar Examiners sought to comply with the petitioners right to procedural due process by offering him a hearing on his application. Without question, the only reason the hearing is being offered is because of the petitioners case presently before the Court. As cited above in *Raper v. Lucey*, the petitioner still has not been given a meaningful hearing and at a meaningful time. Furthermore, there are no assurances that the petitioner will ever be given a meaningful hearing as the respondents have done nothing to ensure such a hearing other than to provide a letter offering one, but with no date for one yet established. As cited above in *EMC Corp.*, the Court has jurisdiction as long as there is a case in controversy and in the present matter there is controversy and that controversy will continue to exist until the requested hearing is forthcoming.

## III.  Conclusion

The Court's dismissal of the present case for lack of jurisdiction is premature as the petitioner has still not been provided the opportunity for a meaningful hearing and at a meaningful time. It has been 11 months since the petitioner took and passed the Massachusetts Bar Exam and the Board of Bar Examiners still as yet has not provided the petitioner with even a

date for a hearing on his application the the Massachusetts Bar. The Court should reconsider it's order to dismiss, and stay execution of that order until after the petitioner has been granted a hearing and the case in controversy no longer exists.

                                                        Respectfully submitted,

Dated: May 21, 2004

                                                        John A. Baldi, pro se
                                                        19 Ledge Street
                                                        Melrose, Ma. 02176
                                                        (781) 665-5011

CERTIFICATION OF SERVICE

     I certify that a copy of the foregoing was mailed to Juliana deHaan Rice by me on May 21, 2004.